## MORRIS INV. CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8053.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 4, 1942.
Decided March 31, 1943.

Edward L. Blackman, of New York City (Walton Clark, Jr., of New York City, on the brief), for petitioner.

Bernard Chertcoff, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The Commissioner of Internal Revenue assessed a deficiency in the 1937 income tax of the Morris Investment Corporation, the petitioner, and his determination was approved by the Board of Tax Appeals. The deficiency assessment was composed of undistributed profits surtax and personal holding company surtax found by the Commissioner to be due but for which the petitioner denied liability. At the oral argument the attention of this court was drawn to section 501 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, which was enacted after the Commissioner's assessment and the Board's determination, and which the government concedes might have a bearing upon the petitioner's liability for the undistributed profits surtax. Section 501 provides that the amendments made by subsection (a) thereof shall be effective as of the date of the enactment of the Revenue Act of 1936. Both parties have agreed that the cause be remanded to the Board for consideration of the effect of section 501 upon the petitioner's liability for the undistributed profits surtax. The petitioner urges that section 501 is determinative as well of its liability for the personal holding company surtax. We think not.

It will be noted that the Revenue Act of 1936, 49 Stat. 1648, provides in Title 1, 26 U.S.C.A. Int.Rev.Acts, page 819 et seq., for the rates of tax generally applicable. Section 13 provides for the normal tax on corporations, section 14 for the surtax on undistributed profits of a corporation and sections 26 and 27 for the credits allowable to corporations. In Title 1A, 26 U.S.C.A. Int.Rev.Acts, page 936 et seq., however, the Congress dealt with additional income taxes, that is, taxes in addition to those for which it had already provided by Title 1. Section 351, which imposes the personal holding company surtax, appears in Title 1A. The amendments of section 501, however, are by express terms limited to sections 14 and 26 of Title 1. We cannot accept as persuasive the petitioner's argument that since the same elements of unfairness exist in the undistributed profits surtax and the personal holding company surtax if the corporation is a deficit corporation it must follow that section 501 which amends the former tax must be deemed to amend the latter as well. We think it clear that the Congress did not undertake in section 501 to deal with the personal holding company surtax.

We are, therefore, called upon to determine the one remaining issue raised by the petition for review, namely, whether the personal holding company surtax imposed by Title 1A of the Revenue Act of 1936, as amended by Title 1, section 1 of the Revenue Act of 1937, 26 U.S.C.A. Int.Rev.Acts, page 938 et seq., is constitutional. The petitioner urges that such a surtax is void because it is an attempt by Congress in the guise of a tax to destroy personal holding companies and because the cumulative effect of undistributed profits surtax and personal holding company surtax is confiscatory.

Any discussion as to the validity of this tax must take into account that the Sixteenth Amendment grants unrestricted power to the Congress to lay and collect taxes upon incomes and that the tax imposed by section 351 is upon income. Even if the motive of Congress had been to destroy personal holding companies, as the petitioner contends, the imposition of the surtax was well within the Congressional power to lay taxes upon incomes. However, there is no need for speculation as to the Congressional motive. The surtax upon personal holding companies was first imposed in the Revenue Act of 1934. In H. Rep. No. 704, 73rd Cong., 2d Sess. p. 12, the Committee on Ways and Means of the House of Representatives said:

"Perhaps the most prevalent form of tax avoidance practiced by individuals with large incomes is the scheme of the 'incorporated pocketbook.' That is, an individual forms a corporation and exchanges for its stock his personal holdings in stock, bonds, or other income-producing property. By this means the income from the property pays corporation tax, but no surtax is paid by the individual if the income is not distributed.

\*   \*   \*   \*   \*   \*

"The effect of this system recommended by your committee is to provide for a tax which will be automatically levied upon the holding company without any necessity for proving a purpose of avoiding surtaxes. It is believed that the majority of these corporations are in fact formed for the sole purpose of avoiding the imposition of the surtax upon the stockholders.

"Your committee believes that its recommendation in respect to these companies is of the utmost importance, and furthermore,

that it will result, directly or indirectly, in substantially increasing the annual revenue of the Government."

It will thus be seen that what Congress hoped to achieve by the personal holding company surtax was to increase the public revenues by making unprofitable at least one tax avoidance device—the retention of income by the personal holding company. 5 Paul and Mertens-Law of Federal Income Taxation, § 53.31.

The Fifth Amendment is not violated by section 351 merely because that section imposes a tax more onerous in the case of personal holding corporations than other corporations. The amendment does not require equal treatment in the imposition of taxes. Steward Machine Co. v. Davis, 1937, 301 U.S. 548, 584, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293. Nor can we find that section 351 amounts to confiscation. Foley Securities Corp. v. Commissioner of Internal Revenue, 6 Cir., 1939, 106 F.2d 731, 736.

The decision of the Board of Tax Appeals, in so far as it determined the petitioner's liability for the personal holding company surtax, is affirmed and the cause is remanded to the Tax Court of the United States with directions to reconsider the petitioner's liability for the undistributed profits surtax in the light of section 501 of the Revenue Act of 1942 and of such evidence as may be relevant thereunder.