RICHARD WALTER DRAKE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 224–69SC. Filed August 20, 1969.

Richard Walter Drake, pro se.
*Gerald Backer*, for the respondent.

**OPINION**

The first question for our consideration is whether the petitioner is entitled to deduct, as an ordinary and necessary business expense, the cost of haircuts which were required by his employer, the U.S. Army, or whether such amounts are nondeductible "personal, living, or family expenses" under section 262 of the Internal Revenue Code of 1954.[1] The petitioner argues that such expenses were not personal because the Army required him to have his hair cut more often than his personal desires dictated and because but for his employment he would not have had his hair cut so often. That is, he argues that he incurred expenditures for haircuts during 1966 in as large an amount as he did solely because of the requirements of his employer, the U.S. Army.

In *Ronald D. Kroll*, 49 T.C. 557 (1968), we rejected this "but for" test as the sole determinant of deductibility under section 162. After examining *Paul Bakewell, Jr.*, 23 T.C. 803 (1955), *Mildred A.*

---

[1] All statutory references are to the Internal Revenue Code of 1954.

*O'Connor*, 6 T.C. 323 (1946), and *Henry C. Smith*, 40 B.T.A. 1038 (1939), affirmed per curiam 113 F. 2d 114 (C.A. 2, 1940), we said in *Kroll* at page 567:

These cases hold then that the fact that an expense would not have been incurred but for the taxpayer's engaging in a trade or business is not sufficient to allow a deduction; we must determine that the nature of the expense is not personal or otherwise of a nondeductible nature. * * *

Many kinds of expenses incurred by a taxpayer solely because he is engaged in a trade or business are not deductible; e.g., commuting expenses (sec. 1.162–2(e), Income Tax Regs.; *John C. Bruton*, 9 T.C. 882 (1947); *Frank H. Sullivan*, 1 B.T.A. 93 (1924)); expenses for clothing worn in the taxpayer's trade or business which the taxpayer would not purchase but for the requirements of such trade or business, but which is adaptable for nonbusiness wear (*Betsy Lusk Yeomans*, 30 T.C. 757, 767 (1958); *Louis M. Roth*, 17 T.C. 1450, 1455 (1952); *Helen Krusko Harsaghy*, 2 T.C. 484 (1943); *Eleanor E. Meier*, 2 T.C. 458 (1943); *George E. Hall, Administrator*, 10 B.T.A. 847 (1928)); certain kinds of educational expenses incurred by reason of the trade or business (*Ronald D. Kroll, supra*; cf. *James A. Carroll*, 51 T.C. 213 (1968)).

Expenses for personal grooming are inherently personal in nature; e.g., in *Sparkman v. Commissioner*, 112 F. 2d 774 (C.A. 9, 1940), the cost of dentures used to aid an actor's enunciation was not deductible, and in *Paul Bakewell, Jr., supra*, the cost of a hearing aid used by a lawyer both in his trade or business and for personal purposes was not deductible as a business expense. The fact that the Army may have required such grooming does not make the expenses therefor any less personal. The evidence showed that the Army's requirement was directed toward the maintenance by the petitioner of a high standard of personal appearance and not toward the accomplishment of the duties of his employment. In setting standards for personal grooming, the Army is not unique. Many employers, expressly or otherwise, establish standards to which their employees are expected to conform. Men are to be clean shaven and are often required to wear suits, ties, and clean shirts, and women are expected to be dressed attractively. To conform to these requirements, employees must make expenditures which would not be required if they were at home or not on the job. Nevertheless, such expenditures for general personal grooming are inherently personal in nature and cannot be considered as business expenses.

The petitioner also seeks a deduction for the costs of cleaning his fatigue uniforms. Pursuant to the position expressed in Rev. Rul. 67–115, 1967–1 C.B. 30, the respondent concedes that, under the facts of the present case, such expenditures are deductible; the only issue is as to the proper amount of the deduction. The petitioner argues that

he spent $3 per week for 50 weeks for regular cleaning of the fatigues, plus $15 for cleaning for inspections, for a total of $165. The respondent concedes on brief, despite the lack of evidence on the point, that the petitioner may deduct $3 a week for 49 weeks' cleaning, for a total of $147. The respondent pointed out that the petitioner was allowed 30 days' leave, and since we have no evidence as to the amount of leave taken by him, we must assume that he took the full time. Although the petitioner contends that he incurred some cleaning costs by reason of inspections, he has not furnished us with any information as to the number of such inspections. In view of these circumstances, it appears to us that a reasonable allowance for the cleaning of the fatigue uniforms is $150.

*Decision will be entered under Rule 50.*

---

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.