Isabelle M. Cogan v. Commissioner.
Cogan v. Commissioner
Docket No. 351-70 SC.
United States Tax Court
T.C. Memo 1971-230; 1971 Tax Ct. Memo LEXIS 104; 30 T.C.M. (CCH) 986; T.C.M. (RIA) 71230; September 8, 1971, filed. Isabelle M. Cogan, pro se, 1040 Park Ave. , New York, N. Y. Kimball K. Ross, for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined a deficiency in petitioner's Federal income tax for 1966 in the amount of $465.12. The issues are whether petitioner is entitled to deductions for medical expenses, charitable contributions, casualty losses and miscellaneous ordinary and necessary business expenses in excess of the amounts allowed by respondent. Findings of Fact Petitioner was a resident of New York, New York, at the time the petition herein was filed. She filed her Federal income tax return for the year 1966 with the district director of internal revenue in Manhattan, New York. Petitioner graduated from the University of Vienna in 1939 with an M.D. degree and beginning in 1940 she has concentrated in the practice of psychiatry on the staffs of various hospitals, both public and private, in various states in the United States. During the year 1966 she was a consultant psychiatrist at the Fallkirk Hospital, a private hospital in Central Valley, New York. She worked at the hospital three or four *106 days a week and in addition to consulting with patients she gave lectures at the hospital. All of the income reported by petitioner on her 1966 Federal income tax return was received by her from the hospital. Petitioner had worked at the Fallkirk Hospital since 1962. During the year 1966 petitioner owned a three-room cooperative apartment at 1040 Park Avenue in New York City. The apartment consisted of a living room, a bedroom, a small kitchen and a bathroom. She purchased the cooperative apartment in 1960 and she made the last payment on the purchase price in 1966. Petitioner claimed the following deductions on her 1966 Federal income tax 987 return: medical expenses, $1,851.15; contributions, $590; casualty loss, $1,400; and miscellaneous deductions of $1,100, which consisted of a "lawyer's fee" of $200 and a "dentist" fee of $900. In his statutory notice of deficiency the respondent disallowed the following deductions: medical expenses, $668.91; contributions, $422; casualty loss, $1,400; and miscellaneous deductions, $1,100. At the start of the trial, the respondent submitted a schedule to the Court indicating that medical expenses of $1,744.90 had been substantiated *107 by petitioner and allowed as deluctions by respondent. Opinion Petitioner introduced into evidence a group of checks representing premium payments in 1966 to the Madison Life Insurance Company for health and accident insurance in the amount of $403.16. She also introduced in evidence a copy of the insurance policy. Respondent concedes on brief that petitioner is entitled to deduct this amount of premium payments as a medical expense under section 213 of the Internal Revenue Code of 1954 for the year 1966. See Rev. Rul. 68-102, 1968-1 C.B. 91. Petitioner has failed to substantiate any additional premium payments in 1966 on this particular policy. Petitioner contends she is also entitled to deduct as medical expenses in 1966 the premiums paid to the Metropolitan Life Insurance Company. Petitioner stated that she had two insurance policies with Metropolitan Life Insurance Company, a life insurance policy and a health and accident insurance policy. Petitioner did not produce either of these policies. It is clear that premiums for life insurance represent nondeductible personal expenditures under section 262 of the Internal Revenue Code *108 of 1954 and are not deductible as medical expenses. We have no way of determining what portion of the total premium payments in 1966 to the Metropolitan Life Insurance Company represent nondeductible premium payments for life insurance. For all we know, most of the premium payments here involved may fall within this nondeductible category. On this record, we must sustain the respondent. Petitioner claimed a total of $590 as contributions to the Park Avenue Synagogue, the Metropolitan Museum and other organizations. Respondent allowed $75 for the Park Avenue Synagogue, $15 for the museum and $78 for miscellaneous cash contributions. It appears that the disallowed payment of $25 to the museum represented admissions to lectures, concerts and exhibition openings. Such admission payments are not charitable contributions to the extent that such payments do not exceed the fair market value of the privileges or other benefits received. See Edward A. Murphy, 54 T.C. 249 (1970). Petitioner has not met her burden of proof on this item. Petitioner's testimony as to contributions made to the synagogue and to the miscellaneous charitable organizations (such as the Cancer-Heart Fund *109 and the Mental Health organization) was extremely vague. On the basis of this record we are not persuaded that petitioner is entitled to a deduction for charitable contributions in excess of the amounts allowed by respondent. It should be pointed out that respondent has allowed a payment of $30 to the Virchow Society as a business expense deduction rather than a charitable contribution as it was categorized by petitioner on her tax return. We sustain respondent on this issue. Petitioner claimed a casuallty loss deduction on her 1966 Federal income tax return in the amount of $1,400 which respondent disallowed. Petitioner lost several charge plates in New York City department stores in some year prior to 1966 and was compelled to make repayments to the stores when the cards were wrongfully used by third parties. It appears that petitioner made these repayments in 1965 and prior years. Respondent informed the Court that in a re-audit of petitioner's 1965 Federal income tax return, petitioner was allowed a deduction in 1965 for repayments of about $2,117 to the department stores. In any event, petitioner has not shown the Court that she made any payments in 1966 to the department stores *110 because of the wrongful use of the lost charge plates. In fact, she testified that "I paid most of the bills in the end of December in '65." Petitioner introduced in evidence four checks issued by her in 1966 payable to her sister in the total amount of $400. Petitioner borrowed this amount from her sister in prior years in order to make payments to the department stores. We cannot agree that petitioner is entitled to a casualty loss in the year she repaid the loan to her sister. The year in which the loan is repaid does not establish the year in which the casualty loss was sustained for purposes of section 165(c) (3) of the Internal Revenue Code of 1954. 988 Respondent disallowed a deduction of $900 claimed by petitioner for a payment made in 1966 to Dr. Cohn and also disallowed a deduction of $200 for an item identified on petitioner's income tax return merely as "lawyer's fee." Both of these deductions appear on the 1966 income tax return as miscellaneous deductions and it appears that in some undefined way petitioner regards these payments as casualty losses. The payment in 1966 of $900 to her dentist, Dr. Cohn, was made after the dentist had obtained *111 a judgment against her for dental work. It appears that petitioner claimed the payment of $900 to the dentist in 1966 both as a medical deduction and, inexplicably, as a casualty loss. Respondent has allowed the payment to Dr. Cohn as a medical expense. It is obvious that petitioner cannot deduct the same payment twice under different labels. Petitioner explained that she paid a legal fee of $200 in 1966 in connection with the legal action brought against her by the dentist. She was unable to establish that she actually made the payment in 1966. In any event, we believe the payment is a nondeductible personal expenditure under section 262 of the Internal Revenue Code of 1954. Petitioner introduced several groups of checks in evidence representing expenditures which were not deducted on her 1966 income tax return but which she now claims are deductible, presumably under sections 162 or 212 of the Internal Revenue Code of 1954. Respondent has conceded on brief that petitioner's payments of $64.14 to the Hotel Traymore in Atlantic City, New Jersey while attending a medical convention are deductible as a business expense in 1966. The remaining groups of checks *112 represented the following payments: NY Tel Co.
$ 521.25
Con Edison
77.62
Fischer's Beauty Shop
570.00
Food
630.76
Painting apartment
160.55
Transportation
23.56
Payment to Co-op
1,741.89
Petitioner worked at the Fallkirk Hospital three or four days a week, depending on the number of patients being treated by her. Working under such a flexible arrangement, petitioner constantly found it necessary to "make the arrangements from home for what patients to see and what schedule to make." Petitioner used her home telephone for this purpose and in addition made telephone calls to arrange the lectures which were an integral part of her duties at the Fallkirk Hospital. We are convinced that some portion of her home telephone expenses for 1966 (totaling $521.25) was incurred by her in performing her duties as a consulting psychiatrist at the hospital and on the basis of this record we hold that petitioner is entitled to deduct $200 as an ordinary and necessary business expense. Petitioner is not entitled to a deduction for the payment of $1,741.89 made by her in 1966 toward the purchase price of her cooperative apartment. Such payment represents a capital expenditure *113 and becomes a part of the cost basis of the apartment acquired by her. Petitioner's expenses of $570 in 1966 at the beauty shop for personal grooming are inherently personal in nature and are nondeductible expenses under section 262 of the Internal Revenue Code of 1954. Richard Walter Drake, 52 T.C. 842 (1969). Petitioner's expenses of $23.56 in 1966 represent the cost of transportation between her home and the hospital. Such commuting expenditures are not deductible as ordinary and necessary business expenses under section 162 of the Internal Revenue Code of 1954. Harold Gilberg, 55 T.C. 611 (1971). Petitioner seeks a deduction for amounts spent during 1966 for (1) food, $630.76; (2) utilities, $77.62; and (3) painting her apartment, $160.55. She apparently seeks to deduct these items as business expenses on the ground that she used her apartment and entertained there for businessconnected purposes. We cannot find on this record that she maintained an office in her apartment or that she used her apartment (apart from the use of the phone) to conduct her activities as a consultant psychiatrist. Moreover, in *114 connection with the food expenses of $630.76 which were purportedly incurred in entertaining, petitioner failed completely to meet the substantiation requirements of section 274 of the Internal Revenue Code of 1954. We hold that the expenditures for utilities, food and apartment decoration are nondeductible personal expenses under section 262 of the Internal Revenue Code of 1954. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. 989