MURRY JEROME WRIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wright v. Commissioner
Docket No. 7942-70 SC.
United States Tax Court
T.C. Memo 1973-8; 1973 Tax Ct. Memo LEXIS 277; 32 T.C.M. (CCH) 31; T.C.M. (RIA) 73008; January 15, 1973, Filed Murry Jerome Wright, pro se. Lawrence G. Becker, for the respondent. INGOLIA
MEMORANDUM FINDINGS OF FACT AND OPINION INGOLIA, Commissioner: The respondent determined a deficiency in the petitioner's Federal income tax for the calendar year 1968 in the amount of $194. Concessions having been made, the only issue before the Court is whether education expenses incurred by the petitioner *278 in attending law school are deductible under section 162(a) or section 212 of the Code. [1] 2 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The petitioner, Murry Jerome Wright, resided in San Francisco, California, at the time his petition was filed. He filed his Federal income tax return for the year 1968 with the District Director of Internal Revenue at San Francisco, California. The petitioner began his college education at Brigham Young University in September of 1960. After two years, he transferred to Arizona State University, where he remained until June of 1964, when he obtained a Bachelor of Arts degree in Education, with a major in Industrial Arts. From September of 1964 until June of 1965, the petitioner taught Industrial Arts in a secondary school in Phoenix, Arizona, under a "temporary" certification. In order to qualify as a full time teacher in Arizona, an individual needed a Bachelor of Arts in Education and had to complete 30 semester hours of graduate work in Education or in other specific areas of interest. In *279 the summer of 1965, the petitioner took six hours of graduate courses in Industrial Arts at Arizona State University. From September of 1965 until June of 1966, the petitioner taught Mathematics in a secondary school in Reno, Nevada. In order to obtain certification as a teacher in Nevada, an individual had to have a Bachelor of Arts degree in Education, and 3 every five years thereafter have six hours of courses which would be helpful in his work and not a duplication. On or about April 15, 1966, the petitioner submitted an application to the Golden Gate College School of Law in San Francisco, California. He also applied to William Mitchell Law School in Minnesota. He attended William Mitchell at night from September, 1966 until June, 1967. He testified that his purpose in going to law school was to make more money as a teacher, stating that for every 15 credit hours he completed, he would receive a raise. He further testified that he chose law rather than another area because he "found dissatisfaction in the number of papers you have to write in the education courses" and because in law school "The courses you take are interesting." While at William Mitchell, the petitioner *280 took the usual first year law school courses. From September, 1966 until June, 1967, the petitioner taught Industrial Arts at a secondary school in St. Paul, Minnesota. In order to be certified as a teacher in Minnesota, an individual had to obtain a Bachelor of Arts degree in an approved education program. In September of 1967, the petitioner began teaching Industrial Arts at a junior high school in San Francisco. He has been continually so employed up to the present time. He had applied to teach school in California before attending law school in Minnesota. In order to obtain a permanent teaching certificate (Clear Credential) in California, the 4 State requires an individual to have a Bachelor's degree and to complete 30 postgraduate hours of upper division (courses given in junior or senior years of undergraduate work) or graduate level course work. Alternatively, a teacher may teach in California without a Clear Credential if he obtains a Standard Teaching Credential on partial fulfillment from the State of California. In order to obtain this credential, an individual must have a Bachelor of Arts degree in Education, including 15 upper division hours in his major *281 plus six postgraduate hours of study. The credential is continually renewable if the individual completes 12 hours of upper division or postgraduate hours of study every two years. At the same time the petitioner began to teach in California, he entered the degree program of the night school of the Golden Gate College School of Law which is an accredited school for teaching education purposes. In the fall semester of 1967, he completed 12 hours of legal education, taking the normal first year courses. In the spring semester of 1968, he completed an additional 10 hours. The 22 hours were credited by the State of California, Department of Education toward the petitioner's fulfillment of the 30 graduate hour requirement for obtaining a Clear Credential in California. Also, petitioner testified that he and his superior had discussed the petitioner's advancement to an administrative position. In August of 1968, the petitioner was academically disqualified 5 from Golden Gate. The petitioner deducted $600 as an education expense on his 1968 income tax return. In September of 1969, the petitioner enrolled at the University of San Francisco School of Law, evening division. He *282 then took 10 course hours of study. In the spring of 1970, he took 10 more hours; in the summer of 1970, he took 7 more hours; in the fall of 1970, he took 11 hours; and in the spring of 1971, he took 10 hours. On March 29, 1970, the petitioner registered as a law student with the Committee of Bar Examiners of the State of California. Such registration was required of anyone desiring to practice law in California. OPINION Section 212 provides in part that "there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income." The petitioner argues that even if his claimed education expense deduction is not allowable under section 162(a), it must be allowed under section 212. We cannot agree. Section 212 relates to nontrade or nonbusiness expenses. It was placed in the Code in 1942 to liberalize the narrow "trade or business" rule that Courts had adopted. When the petitioner asks us to allow the law school education expense under section 212 he, in effect, is in the same position as any other taxpayer who seeks to deduct education expenses 6 generally on the ground that *283 acquiring an education increases his earning capacity. Such expenses are nondeductible personal expenses under section 262. [2] See Welch v. Helvering, 290 U.S. 111 (1933); Louis Drill, 8 T.C. 902 (1947); Richard Walter Drake, 52 T.C. 842 (1969). So here, the petitioner cannot deduct the claimed expense under section 212. As to section 162(a), the petitioner advances two arguments. He argues the law school expenses are deductible because (1) the courses were taken to meet the express requirements of his employer and did not "necessarily" lead to a new trade or business; and because (2) the regulations are unconstitutional and violate the equal protection clause of the 14th Amendment. With regard to the first argument, even if we agree that the courses were taken to meet the express requirements of his employer, we would still be compelled to deny the deduction because under the regulation the petitioner's attendance at law school in a degree program "will *284 lead to qualifying him in a new trade or business." (Underlining 7 supplied.) [3] There is no question as to whether it will "necessarily" lead to the petitioner's actual practice of law for the regulation makes it clear that it does not matter whether or not the petitioner ever actually practices law. Cf. Ronald F. Weiszmann, 52 T.C. 1106 (1969), affd. per curiam 443 F.2d 29 (C.A. 9, 1971); David N. Bodley, 56 T.C. 1357 (1971). *285 8 As to the argument that the regulation is unconstitutional, it should be noted that if there is a constitutional violation, it will be of the due process clause of the 5th Amendment and not the equal protection clause of the 14th Amendment. The 5th Amendment is applicable to Federal tax statutes, Heiner v. Donnan, 285 U.S. 312 (1932), while the equal protection clause of the 14th Amendment is not. Allen F. Labay, 55 T.C. 6, 14 (1970). In so stating, we recognize that the due process clause of the 5th Amendment may well involve overlapping considerations that also apply to questions of equal protection. The 5th Amendment provides in pertinent part that no person "shall be deprived of life, liberty, or property, without due process of law." Under it a regulation may be set aside if it is arbitrary or unreasonable, Commissioner v. Clark, 202 F.2d 94 (C.A. 7, 1953); however, there is no requirement that there be the type of equal treatment the petitioner seeks here in the imposition of taxes. Morris Inv. Corporation v. Commissioner, 134 F.2d 774 (C.A. 3, 1943); Neuss, Hesslein & Co. v. Edwards, 30 F.2d 620 (C. *286 A. 2, 1929), cert. den. 279 U.S. 872; Swallow v. United States, 325 F.2d 97 (C.A. 10, 1963), cert. den. 377 U.S. 951. Here, we must decide whether or not the regulation is so arbitrary and discriminatory that it violates the due process clause of the 5th Amendment when it attempts to define and differentiate the "trade or business" of being a teacher and 9 specifically sets forth certain parameters of deductibility and nondeductibility. For example, is it unconstitutional to provide that a teacher can deduct the cost of changing from a teacher to a guidance counselor and yet deny the deduction when he seeks to make the change by pursuing a course of study which also "will lead to qualifying him in a new trade or business"? We think not. It is a reasonable attempt to differentiate between deductible expenses which relate to an existing trade or business and nondeductible personal expenses which relate to a taxpayer's desire to prepare himself for a new profession. Here then, we hold that the regulation if valid. [4] *287 Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated. ↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
3. Sec. 1.162-5(b) (3). Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work. The following are examples of changes in duties which do not constitute new trades of businesses: (a) Elementary to secondary school classroom teacher. (b) Classroom teacher in one subject (such as mathematics) to classroom teacher in another subject (such as science).
(c) Classroom teacher to guidance counselor. (d) Classroom teacher to principal. (ii) The application of this subparagraph to individuals other than teacher may be illustrated by the following examples: Example (1). A, self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business. Example (2). Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business. ↩
4. See James A. Carroll, 51 T.C. 213 (1968), affd. 418 F.2d 91 (C.A. 7, 1969); Jeffry L. Weiler, 54 T.C. 398 (1970); and Ronald F. Weiszmann, supra↩, which generally hold the regulation to be valid insofar as the "qualification for new trade or business" provision is concerned.