GREGORY J. MOSCINI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moscini v. Commissioner
Docket No. 8334-74.
United States Tax Court
T.C. Memo 1977-245; 1977 Tax Ct. Memo LEXIS 203; 36 T.C.M. (CCH) 1002; T.C.M. (RIA) 770245; July 27, 1977, Filed Bruno H. Moscini, for the petitioner. [1]
Peter D. Bakutes and Thomas F. Kelly, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioner's Federal income tax for the taxable year 1972 in the amount of $136.70. The sole remaining issue for our decision is whether petitioner is entitled to deduct the excess cost of meals, which he was required to purchase at restaurants, over the *204 cost of such meals if they had been prepared by petitioner at his home. FINDINGS OF FACT All of the facts have been stipulated and are so found. Gregory J. Moscini (hereinafter petitioner) resided in Burlingame, California, at the time he filed the petition herein. He filed his Federal income tax return for the year 1972 with the Internal Revenue Service at Fresno, California. During 1972, petitioner was employed by the city of South San Francisco as a police officer. He normally worked an eight-hour shift and patrolled a designated area within the city limits of South San Francisco. Petitioner was required to be available to handle emergency calls at any time during his shift. He was required to remain in constant contact with the headquarters' dispatcher and to notify such dispatcher of his location at all times during his shift, including while on lunch breaks. Petitioner was allowed a 30-minute lunch break and a 15-minute coffeebreak during an 8-hour shift, but there was no fixed lunch time during his shift and petitioner took lunch breaks only when he was free to do so. The South San Francisco Police Department prohibits a police officer from leaving the city *205 limits at any time during his shift. It also prohibits its officers from carrying a bag lunch or eating food in the patrol vehicle. Petitioner was not reimbursed by the police department for any of his luncheon expenses. On his 1972 return, petitioner claimed a deduction for 260 meals purchased at various restaurants while he was on duty at an estimated cost of $2.50 per meal--totaling $650. None of these meals were purchased on occasions when petitioner was away from home overnight. Respondent's determination has disallowed in full petitioner's deduction for the cost of meals which he purchased while on duty and petitioner has on brief conceded that the entire cost of such meals is not deductible. Petitioner now seeks to deduct only the additional expense which he contends he incurred because he was required to eat in restaurants and calculates such additional expense to be $260, or 40 percent of his original $650 deduction. OPINION Petitioner contends that the excess cost of restaurant meals over the cost of such meals if prepared at home is dedeductible because his employer would not allow him to bring a bag lunch or to go home for his meals. The cost of meals is generally *206 a nondeductible personal expense. Sec. 1.262-1(b)(5), Income Tax Regs; Drill v. Commissioner,8 T.C. 902 (1947). However, the distinction between a personal expense and a business expense depends primarily upon the facts and circumstances of each particular case. Cooper v. Commissioner,67 T.C. 870 (1977). In Cooper we held that a fireman was entitled to deduct the required payment of his pro-rata share of the cost of a mess, which was provided for the firemen, at his place of employment, as an ordinary and necessary business expense under section 162(a). [2] In so holding, we stressed that petitioner had paid the assessed amount under protest because he was frequently unable or unwilling to take his meals at the mess. In Cooper we did not adopt a "but for" test, under which an expense would be deductible merely upon the showing that such expense would not have been incurred but for the taxpayer's engaging in a trade or business. Therefore, it is not sufficient in the instant case for petitioner to show that he would not have incurred the additional expense of restaurant meals but for the police department regulations. [3] Instead, we *207 must determine whether the nature of the expense is not personal or otherwise of a nondeductible nature. Drake v. Commissioner,52 T.C. 842 (1969). In the instant case, petitioner personally chose which restaurant he would patronize within the South San Francisco city limits, he only purchased those meals which he desired to purchase, and there is no evidence that he was ever required to purchase a meal which he could not eat because of his police duties. Such facts distinguish the instant case from Cooper v. Commissioner,supra. Moreover, the restrictions on the manner in which petitioner could take his meals while on duty were not so significant that they transformed an essentially personal expense into a business expense. Hitchcock v. Commissioner,66 T.C. 950 (1976). Accordingly, we hold that petitioner *208 is not entitled to deduct the excess cost of restaurant meals over the cost of such meals if prepared at home. [4]
Decision will be entered for the respondent. Footnotes
1. Bruno H. Moscini recognized specially on behalf of Gregory J. Moscini, his son.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954. ↩
3. We note, however, that petitioner has not even satisfied the "but for" test because he has not shown that he would have brought a lunch from home or returned home to eat his meals even if↩ his employer had allowed it.
4. Petitioner argues that respondent should be precluded from disallowing such deduction for meal costs because petitioner was not notified that its allowability would be challenged prior to his initial conference with IRS. Such argument is without merit. Assuming arguendo that respondent represented that petitioner's deduction for the cost of his meals while on duty would not be challenged, petitioner has incurred no detriment in reliance on such representation. Therefore, the doctrines of estoppel and quasi-estoppel do not apply. Schuster v. Commissioner,312 F. 2d 311, 317 (9th Cir. 1962); Estate of Emerson v. Commissioner,67 T.C. 612 (1977); Montgomery v. Commissioner,65 T.C. 511 (1975); Estate of Meyer v. Commissioner,58 T.C. 69↩ (1972).