VIVIAN THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 3828-74.
United States Tax Court
T.C. Memo 1981-348; 1981 Tax Ct. Memo LEXIS 392; 42 T.C.M. (CCH) 328; T.C.M. (RIA) 81348; July 6, 1981
Vivian Thomas, pro se. Robert W. West, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *393 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a $ 192.18 deficiency in petitioner's 1971 federal income tax. The issues for decision are: (1) The amount of a deduction for home office expenses to which petitioner is entitled under section 162; (2) whether under section 162 petitioner is entitled to a deduction for hairstyling expenses; and (3) the amount of a deduction for charitable contributions to which petitioner is entitled under section 170. The last mentioned issue was not raised in the petition herein, but was tried by consent of the parties pursuant to Rule 41(b), Tax Court Rules of Practice and Procedure.
FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioner filed her individual federal income tax return for 1971 with the Internal Revenue Service Center in Chamblee, Georgia. At the time the petition herein was filed, petitioner resided at Montgomery, Alabama. From January until October of 1971, petitioner was employed as a secretary and assistant to Thomas F. Parker, an attorney at law. Mr. Parker was partially paralyzed and, consequently, he relied heavily on petitioner *394 to perform his legal research, write his briefs, meet with his clients and professional colleagues, and assist him in court. The demands of petitioner's work regularly required that whe work overtime, which she did in an office in the bedroom of her apartment rather than in Mr. Parker's law offices. Petitioner's bedroom contained approximately 185 square feet of living area. The portion of her bedroom which constituted her office was furnished with a desk, chair, bookcases, and files. The remaining portion of her bedroom contained a double bed occupying approximately 30 square feet of floor space and a dressing table occupying approximately 6 square feet of floor space. On her return, she calculated the expense of the office in her home to be $ 358. She arrived at this amount by first dividing her total annual rent ($ 1,200) by the total square feet of living area in her apartment (680) to determine her annual rent per square foot ($ 1.79). She then multiplied $ 1.79 by 200 square feet (which she estimated to be the size of her office) to arrive at a deductible amount of $ 358. Respondent agreed with the $ 1.79 amount, but determined that the office consisted of only 120 square *395 feet. Respondent determined that petitioner's expense of the office in her home was $ 214.58 (120 X $ 1.79). Respondent disallowed petitioner's home office expense deduction in excess of $ 214.58. The office in petitioner's home occupied no more than 120 square feet. Mr. Parker required petitioner to be neatly coiffed at all times while at work. As a result, petitioner went to a beauty shop twice a week during 1971 and spent a total of $ 334 for coiffure maintenance. She deducted this amount as a miscellaneous business expense. Respondent disallowed this deduction in its entirety as a personal expense. On her 1971 return, petitioner claimed a charitable contribution deduction of $ 568, consisting of cash contributions of $ 468 to churches (St. Peter's, St. Andrew, or Maxwell Air Force Base Chapel) and cash contributions of $ 100 to miscellaneous local charity drives. Petitioner attended church regularly and made a contribution each time. She contributed to charity drives for muscular dystrophy, multiple sclerosis, the Salvation Army, and similar charities. Respondent disallowed all but $ 78 of the claimed charitable contributions deduction for lack of substantiation. Petitioner's *396 charitable contributions in 1971 were $ 200. OPINION Respondent does not dispute the deductibility of petitioner's home office expenses, but challenges the amount of that deduction. The issue is purely factual and requires that we determine what portion of petitioner's bedroom was utilized by her as a home office. Petitioner concedes that she incorrectly estimated the size of her home office as 200 square feet. The parties now stipulate that the total living area in petitioner's bedroom amounted to 185 square feet. Respondent determined that 120 square feet of the bedroom's total living area were utilized as petitioner's home office, leaving 65 square feet for her personal use. Approximately 36 square feet of the 65 square feet were covered by petitioner's bed and dressing table, and were clearly used for personal purposes, leaving 29 square feet the use of which has not been explained. Absent evidence to the contrary, we think it is not unreasonable for respondent to have determined that the remaining 29 square feet were also utilized by petitioner for personal purposes and, therefore, neither the expenses attributable to that area nor the 36 square foot area are deductible *397 as part of petitioner's home office expenses. We sustain respondent on this issue. Whether or not petitioner was required as a condition to her employment to be neatly coiffed, the expenses she incurred for this purpose are inherently personal in nature and cannot be considered as business expenses. Drake v. Commissioner, 52 T.C. 842, 844 (1969); see Fryer v. Commissioner, T.C. Memo. 1974-26. Petitioner's substantiation of her charitable contributions consisted solely of her sworn testimony uncorroborated by any documentation. We have serious doubts whether petitioner, whose adjusted gross income for 1971 was only $ 4,909,16, of which $ 1,200 was paid for rent, could have afforded to make cash contributions in the amount of $ 568, as claimed on her return. Nevertheless, we are persuaded by her testimony that she contributed more than the $ 78 allowed by respondent for a charitable contributions deduction. Weighing heavily against petitioner, whose inexactitude is of her own making, we find petitioner is entitled to deduct an additional $ 122. In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.