T.C. Summary Opinion 2005-2

UNITED STATES TAX COURT

RODOLFO GARCIA, JR. AND PENNY A. GARCIA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16010-03S.            Filed January 3, 2005.

Rodolfo Garcia, Jr. and Penny A. Garcia, pro sese.

Thomas L. Fenner, for respondent.

KROUPA, Judge:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect at the time of trial.  The decision to be entered is not
reviewable by any other court, and this opinion should not be
cited as authority.

---

[1]All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

Respondent determined a deficiency of $7,977[2] in petitioners' 2000 Federal income tax and an accuracy-related penalty under section 6662 of $1,595 that resulted from respondent disallowing certain of the $26,356[3] of expenses petitioners claimed were ordinary and necessary business expenses under section 162(a) regarding petitioner Penny Garcia's (Mrs. Garcia) employment as a high school English teacher and for petitioner Rodolfo Garcia's (Mr. Garcia) employment as a high school golf coach. The parties filed a stipulation of settled issues in which respondent conceded additional amounts beyond the expenses respondent allowed in the statutory notice of deficiency. After these concessions,[4] the issues for decision are:

(1) Whether Mrs. Garcia's claimed expenses of $2,657 for movies, theater tickets, videos, supplies, film and film developing, books, drycleaning, periodicals, gifts, and travel qualify as ordinary and necessary business expenses under section 162(a). We hold they do not.

---

[2]All dollar amounts are rounded to the nearest dollar.

[3]Petitioners claimed the $26,356 as employee business expenses before application of the 2-percent limitation in sec. 67. All dollar amounts of the expenses petitioners claimed are without regard to the 2-percent limitation.

[4]The agreed adjustments result in a deficiency of $3,791. The remaining adjustments still in dispute total $4,467. If we hold in favor of respondent on all these amounts, there will be a deficiency of $5,051.

(2) Whether section 274(a)(3) precludes Mr. Garcia from deducting golf club membership fees[5] as ordinary and necessary business expenses under section 162(a). We hold it does.

Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated by this reference. Petitioners resided in La Porte, Texas, at the time they filed the petition.

In 2000, Mrs. Garcia was an English teacher, and Mr. Garcia was the head golf coach at Deer Park High School in Houston, Texas. Petitioners claimed deductions for employee business expenses on Schedule A, Itemized Deductions, of their 2000 Federal income tax return in connection with Mrs. Garcia's employment as a high school English teacher and Mr. Garcia's employment as a high school golf coach.

Mrs. Garcia claimed expenses for movies, theater tickets, videos, supplies, film and film developing costs, drycleaning, book and periodical subscriptions, gifts, and travel. The $365 movie expense included movie theater admission tickets for Mrs. Garcia to see 73 movies she deemed relevant in teaching English.

---

[5]In the stipulation of settled issues, the parties still dispute $144 for supplies, $35 for cell phone expenses and $3 for meals regarding expenses Mr. Garcia claimed in addition to the country club membership fees of $1,628. Because petitioners failed to address the expenses other than the country club fees during trial or on brief, petitioners are deemed to have conceded these disputed amounts. The only expenses still at issue regarding expenses Mr. Garcia claimed are the $1,628 country club membership fees.

She also claimed $57 in theater expense for tickets to see "Camelot", and to visit the Houston Museum of Natural Science and the Houston Arena Theater. She claimed a $31 video expense for video rentals she viewed at home, not in the classroom. She also claimed $533 for supplies, which included costs for a flashlight, camera batteries, reading glasses, Hawaiian shirts, stamps, hangers, dish detergent, photo albums, and lotion. Mrs. Garcia's supplies expense also included valet parking for the school prom and a donation to the school's booster club.

Mrs. Garcia took pictures of her students and claimed $113 in film and photo development expenses. She claimed $55 in cleaning expenses for the cost of dry cleaning clothes she wore while teaching and claimed $474 in subscription expenses for books and periodicals she kept in her classroom. These included a newspaper subscription to the Houston Chronicle daily newspaper and magazine subscriptions to Glamour, Ski, and Prevention. Mrs. Garcia also claimed $696 in gift expenses, which included costs to purchase birthday cards, wedding gifts, and graduation gifts for both high school and college graduations. In addition, Mrs. Garcia claimed $631 in travel expenses, which consisted of the cost of Mrs. Garcia's Britrail pass on petitioners' trip to England in 2000, her admission to see the Roman baths in England, hotel accommodations in Reading, England, and tours and entertainment on a Scandinavian cruise.

Because the school did not provide a facility where Mr. Garcia or his golf team could practice and maintain their golf skills, Mr. Garcia claimed expenses for membership dues to the Baywood Country Club.[6]  The country club allowed the team to use its practice putting green three times a week free of charge because Mr. Garcia was a member.  Mr. Garcia also had unlimited access as a member to the club's facilities to practice and maintain his golf skills.

Petitioners timely filed a petition for a redetermination of the expenses respondent disallowed in a statutory notice of deficiency dated July 17, 2003.  After concessions, we must decide whether these claimed expenses still in dispute are ordinary and necessary business expenses under section 162(a).

The Commissioner's determinations are generally presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a).  Although section 7491(a) shifts the burden of proof to the Commissioner in certain situations involving examinations commenced after July 22, 1998, as here, petitioners do not assert that section 7491(a) shifts the burden to respondent.  Moreover, the burden of proof remains with petitioners because they did not keep records to establish the business purpose of the employee

_____

[6]Although petitioners claimed other expenses Mr. Garcia paid to the Baywood Country Club, respondent conceded all expenses other than the membership dues expense of $1,628, which is still in dispute.

business expenses they claimed on their return. Petitioners conceded in the stipulation of settled issues most of the employee business expenses claimed on their return. They therefore bear the burden of proving they are entitled to a greater deduction than that allowed by respondent.

Taxpayers may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a). The term "ordinary and necessary business expenses" means only those expenses that are ordinary and necessary and are directly attributable to the trade or business. Sec. 1.162-17(a), Income Tax Regs. The term does not include personal, living, or family expenses. Id.; see sec. 262(a). Simply because an expense would not have been incurred but for the taxpayer's engaging in a trade or business is insufficient to allow a deduction. The nature of the expense must not be personal or otherwise nondeductible. Drake v. Commissioner, 52 T.C. 842, 844 (1969).

There are many expenses that are helpful, even essential, to one's business, but which are not deductible in our tax system. See Carroll v. Commissioner, 51 T.C. 213, 215 (1968), affd. 418 F.2d 91 (7th Cir. 1969). Expenses of driving to and from work, for example, are not deductible. Sec. 1.162-2(e), Income Tax Regs. Expenses for clothing worn in a taxpayer's trade or business, and the costs of laundering the clothing, are not

deductible if the clothing is adaptable for nonbusiness wear. See, e.g., <u>Hawbaker v. Commissioner</u>, T.C. Memo. 1983-665 (car salesman not entitled to deduct costs of cleaning suits that were easily soiled with grease and dirt). In addition, to claim a deduction for teaching supplies it is not enough that the supplies are helpful to the students and appropriate for use in the classroom; they must also be directly related to the taxpayer's job as a teacher and a necessary expense of being a teacher. <u>Wheatland v. Commissioner</u>, T.C. Memo. 1964-95.

Respondent argues, and we agree, that petitioners' claimed expenses relating to Mrs. Garcia's employment as a high school English teacher are personal in nature and not ordinary and necessary business expenses. Giving birthday cards and wedding presents, renting movies, visiting the Museum of Natural Science, contributing to a holiday party, subscribing to periodicals of general interest, and purchasing tissues, lotion, and cleaning supplies are not directly attributable to the performance of the duties of a high school English teacher. These are personal expenses and are thus not deductible under section 162(a) as ordinary and necessary business expenses.[7] Sec. 262(a); <u>Noland v.</u>

---

[7]Effective for tax years beginning after Dec. 31, 2001, elementary and secondary school teachers may deduct certain school supplies up to $250 from their gross income. Sec. 62(a)(2)(D), (d)(1). As the year at issue is 2000, this provision is not at issue. Respondent nonetheless allowed Mrs. Garcia and Mr. Garcia each an amount in excess of $250.

Commissioner, 269 F.2d 108 (4th Cir. 1959).

We next address whether petitioners may deduct expenses relating to Mrs. Garcia's European travels.  Mrs. Garcia claims that her experiences during her travels gave her new insights into some of the topics she taught in her English class.  She only deducted the costs of her travels to places she argues were relevant to classroom material.

No deduction is allowable for expenses for travel as a form of education.  Sec. 274(m)(2).  Moreover, expenditures by a taxpayer for education are deductible only if the education maintains or improves skills required in the individual's employment, or the education meets the express requirements of the individual's employer imposed as a condition of employment. Sec. 1.162-5(a), Income Tax Regs.  The taxpayer must establish that there is a direct relationship between the costs incurred and the skills required in his or her employment.  Jorgensen v. Commissioner, T.C. Memo. 2000-138.  See Carroll v. Commissioner, supra (simply because the education is helpful in the performance of the taxpayer's employment does not establish that its cost is deductible).  While we recognize that Mrs. Garcia may have gained insights during her travels that were helpful to her role as a high school English teacher, she has not established a direct relationship between her travels and the specific skills required of her as a high school English teacher.  Nor has she shown that

the travels were expressly required by her employer.
Accordingly, petitioners are not entitled to deduct the expenses
related to Mrs. Garcia's European travels.

We next address whether the amount Mr. Garcia paid for
country club dues is deductible. Section 274 contains several
exceptions to the deductibility of ordinary and necessary
expenses incurred in carrying on a trade or business. Expenses
paid or incurred for membership in any club organized for
business, pleasure, recreation, or other social purpose are not
deductible. Sec. 274(a)(3). More specifically, expenses paid
for golf and country club dues are not deductible. Sec. 1.274-
2(a)(2)(iii)(a), Income Tax Regs. In addition, the legislative
history to section 274(a)(3) emphasizes that it is a strict
nondeductibility rule. See H. Rept. 103-111, at 646 (1993),
1993-3 C.B. 167, 222. No one, including golf professionals or
instructors, may deduct club dues. Congress explained that the
non-deductibility rule eased compliance with former law that
required determining whether the primary purpose of belonging to
the country club was personal. Id. Accordingly, petitioners are
not entitled to deduct $1,628 that they paid in 2000 for Mr.
Garcia's membership in the Baywood Country Club.

We find that petitioners failed to establish that they were
entitled to deduct these disputed expenses as ordinary and
necessary expenses for their respective teaching positions.

Accordingly, we sustain respondent's determination as to the claimed expenses still in dispute.

We turn now to whether petitioners are liable for the accuracy-related penalty under section 6662(a).  Respondent has the burden of production under section 7491(c) and must come forward with sufficient evidence that it is appropriate to impose the penalty.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Respondent determined that petitioners are liable for the accuracy-related penalty for a substantial understatement of income tax under section 6662(b)(2).  There is a substantial understatement of income tax if the amount of the understatement exceeds the greater of either 10 percent of the tax required to be shown on the return, or $5,000.  Sec. 6662(d)(1)(A).

Petitioners reported taxable income of $44,474 and Federal income tax of $8,156.  Respondent determined in the statutory notice of deficiency that petitioners' taxable income was $77,955 and that petitioners had an income tax deficiency of $7,977.[8]  We are satisfied that petitioners substantially understated the income tax required to be shown on their return and that respondent has met his burden of production with respect to the accuracy-related penalty.

--------

[8]As we discussed supra note 4, because we find for respondent on all amounts still in dispute, petitioners' deficiency is $5,051.

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment, however, if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, that portion. Sec. 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability and the knowledge and experience of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners argue that the penalty should not apply because they should be able to deduct expenses as other professionals are able to deduct business-related expenses. Petitioners contend that they incurred these expenses because the school district lacked the funds necessary to develop and improve their teaching abilities as an English teacher and a golf coach. While the Commissioner bears the burden of production under section 7491(c), taxpayers bear the burden of proof with regard to reasonable cause. Higbee v. Commissioner, supra at 446.

We find that petitioners failed to establish that there was reasonable cause for the underpayment. We recognize that Mr. Garcia may have had good intentions when he joined the country club to give his team a place to practice golf and that some of Mrs. Garcia's expenses were incurred with her students' best

interests in mind.  The fact remains, however, that petitioners failed to establish how the expenses at issue were directly related to either petitioner's trade or business of earning income as an educator, and were, in certain instances, explicitly not deductible by operation of statute.  See sec. 274(a)(3), (m)(2); sec. 1.274-2(a)(2)(iii)(a), Income Tax Regs.  Petitioners also did not consult a professional tax advisor.  While apparently motivated by a desire to enhance the education of their students, petitioners have failed to show reasonable cause for the underpayment caused by petitioners' claimed expenses.  We therefore sustain respondent's determination regarding the accuracy-related penalty under section 6662(a).

To reflect the concessions of the parties,

<u>Decision will be entered under Rule 155</u>.