T.C. Summary Opinion 2007-102


UNITED STATES TAX COURT


JAMES L. AND PATRICIA R. WILLIAMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8323-06S.                    Filed June 20, 2007.


James L. and Patricia R. Williams, pro sese.

<u>Lynn M. Curry</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.  Pursuant to
section 7463(b), the decision to be entered is not reviewable by
any other court, and this opinion shall not be treated as
precedent for any other case.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $4,964, $5,482, and $6,077 in petitioners' 2002, 2003, and 2004 Federal income taxes respectively.[1]  The issues for decision are whether petitioners are entitled to (1) itemized deductions in amounts greater than the standard deductions allowed by respondent for the years in issue and (2) a credit for education expenses in 2003 and 2004.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits, as well as additional exhibits introduced at trial, are incorporated herein by this reference.  Petitioners resided in Orlando, Florida, when the petition was filed.

During the years at issue, Patricia R. Williams was an engineer with the Florida Department of Environmental Protection and James L. Williams was a salesman.  For approximately the first 9 months of 2002, Mr. Williams worked for U.S. Foods selling food products in central Florida.  Mr. Williams spent the majority of his time at work visiting customers and soliciting business.  U.S. Foods did not provide an automobile for Mr. Williams to use, nor did it reimburse him for gasoline or other expenses.

---

[1] All dollar amounts are rounded to the nearest dollar.

In or about October 2002, Mr. Williams left U.S. Foods and began working for Gold Medal.  Gold Medal provided a vehicle and paid for gasoline, although Mr. Williams occasionally used his own car for business purposes without reimbursement.

In August 2004, Hurricane Charley struck the east coast of Florida.  Shortly after that, Mr. Williams lost his job with Gold Medal and remained unemployed for the remainder of 2004.  Hurricane Charley also damaged petitioners' home and destroyed many of their records.

Petitioners timely filed joint Federal income tax returns for the years in issue.  On Schedule A, Itemized Deductions, petitioners claimed deductions totaling $34,616, $30,872, and $23,172 for 2002, 2003, and 2004, respectively.  The claimed deductions consist of medical and dental expenses, taxes, contributions, tax preparation fees, and unreimbursed employee business expenses.  Respondent disallowed the claimed itemized deductions in full and instead allowed petitioners the standard deduction for each year.  Petitioners also claimed education credits of $2,272 and $3,000 in 2003 and 2004, respectively, which respondent disallowed in full.

## Discussion

### I.  In General

The Commissioner's determinations set forth in a notice of deficiency generally are presumed correct, and the taxpayer bears

the burden of showing that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on a return.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); Wilson v. Commissioner, T.C. Memo. 2001-139.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioners have neither alleged that section 7491(a) applies nor established their compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests.  Petitioners therefore bear the burden of proof.

Where a taxpayer establishes that he has incurred deductible expenses but is unable to substantiate the exact amounts, the Court can estimate the deductible amount if the taxpayer presents sufficient evidence to establish a rational basis for making the estimate.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).[2]  In addition, we may permit a taxpayer to substantiate

_____

[2] Sec. 274(d) imposes additional substantiation requirements for certain types of expenses.  See sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  The Cohan rule does not apply to expenses governed by sec. 274(d).  Sanford v. Commissioner, 50 T.C. 823, 827-828
(continued...)

deductions through secondary evidence where the underlying documents have been unintentionally lost or destroyed. See Boyd v. Commissioner, 122 T.C. 305, 320-321 (2004).

## II. Itemized Deductions

As stated above, petitioners claimed itemized deductions on their 2002, 2003, and 2004 tax returns totaling $34,616, $30,872, and $23,172, respectively. In reconstructing their records for trial, however, petitioners appear to concede all but $11,920, $10,060, and $9,715 of these amounts. We limit our discussion to these amounts.

### A. Medical and Dental Expenses

Under section 213(a), medical and dental expenses paid and not compensated for by insurance or otherwise are deductible to the extent they exceed 7.5 percent of adjusted gross income (AGI).

Petitioners reported AGI of $68,488, $72,364, and $84,501 in 2002, 2003, and 2004, respectively. Multiplying these amounts by 7.5 percent yields $5,137, $5,427, and $6,338 for the years in issue. Petitioners contend that they incurred medical and dental expenses totaling $2,100 in 2002, $4,210 in 2003, and $5,315 in

---

[2](...continued)
(1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Although some of petitioners' claimed itemized deductions are subject to sec. 274(d), for the reasons discussed below we need not decide whether petitioners meet the heightened substantiation requirements.

2004.[3]  Because the claimed medical and dental expenses are less than 7.5 percent of petitioners' reported AGI for each of the years in issue, petitioners are not entitled to a deduction for medical and dental expenses.  See sec. 213(a).

B.    Unreimbursed Employee Business Expenses

In general, a taxpayer may deduct ordinary and necessary expenses paid or incurred in connection with the operation of a trade or business.  Sec. 162(a); Boyd v. Commissioner, supra at 313.  A trade or business includes the trade or business of being an employee.  O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988).  For such expenses to be deductible, the taxpayer must not have the right to obtain reimbursement from his employer. See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533.

A taxpayer generally cannot deduct personal, living, or family expenses.  Sec. 262(a).  Articles of clothing, including shoes or boots, are deductible only if the clothing is required in the taxpayer's employment, is not suitable for general or personal wear, and is not worn for general or personal purposes. Yeomans v. Commissioner, 30 T.C. 757, 767-768 (1958); Nicely v. Commissioner, T.C. Memo. 2006-172.

Petitioners contend they spent a total of $1,400 in each of

---

[3] Petitioners did not claim a deduction for medical and dental expenses on their 2002 return.  However, the $11,920 of reconstructed expenses for 2002 includes $2,100 of medical and dental expenses.

the years in issue for items such as clothing and shoes that were required for employment. Petitioners' testimony on this issue was vague, however, and petitioners gave no indication that the clothing or shoes were unsuitable for general or personal wear. Accordingly, such expenses are not deductible. See Yeomans v. Commissioner, supra.

Petitioners assert they spent $600 on haircuts in each of the years at issue. We have repeatedly held that such costs are nondeductible personal expenses. See Hynes v. Commissioner, 74 T.C. 1266, 1291-1292 (1980); Drake v. Commissioner, 52 T.C. 842, 844 (1969); Fryer v. Commissioner, T.C. Memo. 1974-26. Petitioners therefore are not entitled to deduct the costs of clothing, shoes, and haircuts as business expenses.

Petitioners contend they paid or incurred numerous other business-related expenses for items such as gasoline, a computer, and a facsimile machine. We need not consider these remaining items. The standard deduction for 2002, 2003, and 2004 was $7,850, $9,500, and $9,700, respectively. See sec. 63(c)(2), (4). After the claimed deductions for medical and dental expenses, clothing and shoes, and haircuts are disallowed, petitioners' remaining deductions for each year do not exceed these amounts. Petitioners therefore are entitled only to the standard deduction for each year. Sec. 63(b) and (c); Shepherd v. Commissioner, T.C. Memo. 1999-19. Respondent's determination on this issue is sustained.

III.  <u>Education Credits</u>

A taxpayer who incurs tuition and related expenses may be eligible for a credit under section 25A.  See sec. 25A(b)(1), (c)(1).  Petitioners contend that Mrs. Williams qualifies for an education credit under section 25A for 2003 and 2004. Petitioners introduced no evidence concerning where Mrs. Williams attended school or the amount, if any, of her tuition and related expenses.  Accordingly, respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.