ALAN J. ANTOS and ANNA P. ANTOS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Antos v. Commissioner
Docket No. 3743-74.
United States Tax Court
T.C. Memo 1976-89; 1976 Tax Ct. Memo LEXIS 317; 35 T.C.M. (CCH) 387; T.C.M. (RIA) 760089; March 22, 1976, Filed Alan J. Antos, pro se. Vernon Balmes, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies of $185.40 and $170.16 in petitioners' Federal income tax for the years 1971 and 1972. We are to decide whether petitioner is entitled to a meal expense deduction for days on which he remained at his office through the evening dinner hour. FINDINGS OF FACT Petitioners Alan J. and Anna P. Antos, husband and wife, filed joint Federal income tax returns for the years in issue with the Internal Revenue Service Center, Fresno, California. They resided in Fair Oaks, California, at the time they filed their petition with this Court. Alan J. Antos (hereinafter referred to as petitioner) was a self-employed individual engaged in rendering services *318 as a certified public accountant during the years in issue. As a sole practitioner, petitioner was concerned with building his practice. Consequently, he frequently worked in his office late into the evening. These extended workdays occurred 163 times in 1971 and 156 times in 1972. On these occasions, he rarely spent anything for his evening meals. Rather, he would either "brown bag" food from home or would simply do without an evening meal. When he required his employees to remain with him, petitioner would provide each of them with dinner money of $2.50. On his Federal income tax returns, petitioner claimed a meal expense deduction in that same amount for himself on each occasion when he worked through the dinner hour. These deductions totalled $390 for 1971 and $336 for 1972. OPINION Petitioner has claimed a meal expense deduction of $2.50 for each occasion on which he worked late in his office during the years in issue. The record is void, however, of any substantiation that expenditures in these amounts were made. Meal expenditures are, by nature, generally considered to be personal. An exception is made when a taxpayer is away from home in pursuit of his trade or *319 business. Louis Drill,8 T.C. 902 (1947). Petitioner, working late in his own office, clearly does not fit within that exception. The expenditures in issue are no more deductible than would be those made for petitioner's lunches. Hence, even if the expenses were substantiated, they would nevertheless be considered personal and nondeductible pursuant to section 262, Internal Revenue Code of 1954. Richard A. Sutter,21 T.C. 170 (1953). Respondent's determination must therefore be sustained. Owing to concessions, Decision will be entered under Rule 155.