LARRY A. BELT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; CARL RICHARD HONADEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Belt v. Commissioner
Docket Nos. 18696-81, 21336-81.
United States Tax Court
T.C. Memo 1984-167; 1984 Tax Ct. Memo LEXIS 504; 47 T.C.M. (CCH) 1433; T.C.M. (RIA) 84167; April 3, 1984. *504 Petitioners were firefighters required by their employer to pay their share of a common mess even if they did not eat the meal. Held, petitioners may deduct the amount they paid for the mess under sec. 162(a), I.R.C. 1954. Kenneth L. Sales, for the petitioners. Frederick J. Lotz, *505 III, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a deficiency in petitioner Belt's income tax for 1978 of $240.00 and a deficiency in petitioner Honadel's income tax for 1979 of $435.00. Because of concessions by the parties on other issues, the only issues remaining in each case is whether certain meal expenses are deductible under section 162(a)[1] or excludable under section 119(b)(3). These cases were submitted under Tax Court Rule 122. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Belt and Honadel resided in Louisville, Kentucky, when their petitions were filed. During the years in issue, they were firefighters employed by the Louisville Fire Department. The department's rules required every firefighter to participate in an organized mess. The firefighters prepared the mess themselves. Mess preparation assignments were made by the captain of each firehouse. Firefighters assigned to prepare the mess on a particular day were relieved of *506 some of their other duties. The department provided the facilities used to prepare the mess but did not provide the food used in the mess. The department's rules required all firefighters to pay their share of the food used in the mess for each day they were on duty even if they did not eat the meal prepared. Belt paid $400.00 toward the cost of the messd during 1978. Honadel paid $393.25 toward the cost of the mess during 1979. They deducted those amounts on their income tax returns under section 162(a). Respondent disallowed the deductions. Their petitions allege they are entitled to deductions under section 162(a) or exclusions under section 119 for their mess expenses. Petitioners rely on Cooper v. Commissioner,67 T.C. 870 (1977), affd. sub nom. Sibla v. Commissioner,611 F.2d 1260 (9th Cir. 1980), and Sibla v. Commissioner,68 T.C. 422 (1977), affd. 611 F.2d 1260 (9th Cir. 1980), in which we held mess expenses to be deductible under section 162(a) in almost identical circumstances. Respondent does not dispute that these cases are similar to Cooper and Sibla in all significant ways. Instead, *507 respondent contends Cooper and Sibla were wrongly decided and should not be followed. Respondent also contends that section 162(a) has no application to these cases because of the enactment of section 119(a)(3). [2] It is respondent's position that section 119(b)(3) is the exclusive section of the Internal Revenue Code that applies to cash payments for meals. Respondent argues that petitioners may not exclude their mess expenses under section 119 because the mess was not "furnished by the employer" within the meaning of section 119(b)(3)(A)(ii). *508 We decline respondent's invitation to reconsider Cooper and Sibla. We address only his contention regarding the interaction of section 119(b)(3) and section 162(a). We believe section 162(a) is still applicable to the type of expenses at issue. There is no indication whatsoever in the text of section 119(b)(3) or in its legislative history that it was intended to preempt section 162(a). Thus, in accordance with our opinions in Cooper and Sibla, we hold that petitioners may deduct their mess expenses under section 162(a). We therefore need not consider petitioners' alternative contention that they may exclude the mess expenses under section 119. Decisions will be entered under Rule 155.
Footnotes
1. All references to sections are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.↩
2. Section 119(b)(3) was added to the Internal Revenue Code subsequent to our opinions in Cooper and Sibla by Pub. L. 95-427, 92 Stat. 996. It is effective for taxable years beginning after December 31, 1953, and ending after August 16, 1954. Section 119(b)(3) provides: CERTAIN FIXED CHARGES FOR MEALS. (A) IN GENERAL.--If-- (i) An employee is required to pay on a periodic basis a fixed charge for his meals, and (ii) such meals are furnished by the employer for the convenience of the employer, there shall be excluded from the employee's gross income an amount equal to such fixed charge. (B) APPLICATION OF SUBPARAGRAPH (A).--Subparagraph (A) shall apply-- (i) whether the employee pays the fixed charge out of his stated compensation or out of his own funds, and (ii) only if the employee is required to make the payment whether he accepts or declines the meals.↩