RICHARD R. HANKENSON and CHRIS E. HANKENSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; RICHARD R. HANKENSON, M.D., P.C., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hankenson v. Commissioner
Docket Nos. 26362-81, 26363-81.
United States Tax Court
T.C. Memo 1984-200; 1984 Tax Ct. Memo LEXIS 473; 47 T.C.M. (CCH) 1567; T.C.M. (RIA) 84200; April 23, 1984. John D. Hintze and David S. Strutt, for the petitioners. Rogelio A. Villageliu, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined *474 the following deficiency in petitioners' Federal income tax: Taxpayer
Docket No.
Year
Deficiency
Richard R. and
Chris E. Hankenson
26362-81
1978
$2,161.38
Richard R.
Hankenson, M.D., P.C.
26363-81
1978
$1,544.00
After concessions by the parties, the issues for decision are: (1) Whether petitioner Richard R. Hankenson, M.D., P.C., a professional corporation, is entitled to deduct the cost of regular luncheon meetings during 1978 with nurses, resident physicians, and/or practicing physicians; and (2) whether petitioner Richard R. Hankenson, an individual, received a constructive dividend during 1978 in the amount of the reimbursed cost of the luncheon meetings. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners Richard R. and Chris E. Hankenson, husband and wife, resided in Des Moines, Iowa, when they filed their petitions herein. They filed their 1978 joint Federal income tax return (Form 1040) with the Internal Revenue Service. Petitioner, Richard R. Hankenson (hereinafter petitioner) organized a professional corporation as Richard R. Hankenson, M.D., P.C., on July 20, 1977 (hereinafter *475 the professional corporation). Petitioner, president, sole shareholder and employee in the professional corporation, filed its U.S. corporate tax return (Form 1120) for the 1978 taxable year with the Internal Revenue Service. Petitioner is a physician specializing in internal medicine with a subspecialty in hematology and oncology. Petitioner treated his patients at the Iowa Methodist Medical Center (hereinafter IMMC), pursuant to an agreement providing petitioner, and his professional corporation, with access to the hospital's facilities, equipment, and nursing staff. IMMC also provided petitioner with administrative services such as billing and with office space. IMMC billed petitioner monthly for rent and various other services performed on petitioner's behalf. Petitioner was also employed by IMMC for teaching purposes for which he was paid $8,382.40 during 1978. IMMC, a teaching hospital, required that each resident physician take a one-month rotation in hematology and oncology. During that rotation, each resident worked primarily with petitioner on the diagnosis and treatment of cancer patients. During 1978, nurses Ann Longnecker and Brenda Burgess worked almost exclusively *476 with petitioner in the treatment of his patients; but they, and any other nurses or resident physicians who worked with petitioner, were employed by IMMC during the year in issue. Petitioner's specialized oncology medical practice incurred significant patient turnover and required a continuing referral of new patients. Nurses and resident physicians cannot directly refer patients to petitioner; referrals must come from a practicing physician or an admitting physician. In order to encourage referrals from practicing physicians and to increase their awareness of current treatment for cancer patients, petitioner frequently lectured at the hospital and at various county and state medical societies. He also prepared a book listing the various types of tumors and the recommended treatment. During the year in issue, petitioner frequently entertained nurses, resident physicians, and practicing physicians at luncheon meetings at restaurants located near IMMC. Attendance at the luncheons was voluntary. During 1978, petitioner had 174 of these "luncheon meetings." That year, petitioner bought 174 lunches for himself, 174 lunches for Longnecker, [1] 115 lunches for other nurses of IMMC, *477 70 lunches for residents, 6 lunches for 3 practicing physicians, and 2 lunches for spouses. Over lunch petitioner would discuss general office matters with his nurses including important phone calls received during the morning, scheduling of patients in the afternoon, and methods of increasing productivity. At those lunches attended by resident and practicing physicians, petitioner would also discuss treatment procedure for various patients and possible alternative methods of therapy. The noon hour was the most convenient time for petitioner to have these meetings. The restaurants were away from the hospital and provided a place free from interruptions common in petitioner's office. During 1978, the total bill for the 174 luncheon meetings was $3,126.62. Petitioner paid for the luncheon meetings and, later, he was reimbursed by his professional corporation which deducted the expenditures as business expenses. In the statutory notice of deficiency respondent disallowed the professional corporation the deduction for the luncheon meetings and found that petitioner received a constructive *478 dividend for the reimbursed cost of these meetings. OPINION The primary issue for decision is whether petitioner's luncheon meetings constituted deductible business expenses under section 162. [2]
Petitioner argues that the luncheon meetings are ordinary and necessary business expenses of his professional corporation. On the other hand, respondent maintains that the luncheons are personal and therefore nondeductible expenses. We agree with respondent. [3]
Ordinary and necessary business expenses incurred in one's trade or business are deductible; however, *479 funds spent on personal consumption are not deductible. Secs. 162, 262.We note that the provisions of section 262 take precedence over section 162. Sharon v. Commissioner,66 T.C. 515, 522-523 (1976), affd. 591 F. 2d 1273 (9th Cir. 1978), cert. denied 442 U.S. 941 (1979). The petitioner bears the burden of proof to show that the expenses in question are business expenses and not personal expenses. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of practice and Procedure. Daily meals are an inherently personal expense, and a taxpayer bears a heavy burden in proving they are routinely deductible. Moss v. Commissioner,80 T.C. 1073, 1078 (1983). Petitioner devotes a major portion of his brief to the proposition that the primary purpose of the luncheon meetings was to generate referrals for petitioner's professional corporation. Petitioner is engaged in the specialized practice of hematology and oncology. Such a practice experiences high patient turnover and requires continuous patient referrals from other physicians. Petitioner argues that the regular luncheon meetings enhanced referrals *480 and thus contributed to the success of his practice. We disagree. While an occasional luncheon meeting with practicing physicians to apprise them of current treatment techniques for cancer patients may be deductible as a business expense, outlays for meals consumed three to four days a week, 52 weeks per year, constitute nondeductible personal expenses under section 262. Moss v. Commissioner,supra at 1078; Wells v. Commissioner,626 F. 2d 868 (9th Cir. 1980), affg. without published opinion T.C. Memo. 1977-419. Petitioner's luncheon meetings were a routine event and were not called for a specific business purpose. While we have no doubt that petitioner's luncheon meetings were held at the most convenient time and that general business was discussed, we find that petitioner's luncheon expenses did not cross the boundary line dividing business from personal expenses. Petitioner has failed to demonstrate to us that a clear nexus exists between the luncheon expenses and the production of income. [4] At best, petitioner has demonstrated that these luncheon meetings may have indirectly contributed to the success of his practice. *481 However, this is not enough. The cost of meals is an inherently personal expense which may not be converted into a business expense to be shared by the government merely because it may also contribute to the success of petitioner's practice. Moss v. Commissioner,supra at 1080. We believe the instant case is governed by our recent Court Reviewed opinion in Moss v. Commissioner,supra. In Moss, the taxpayer was a partner in a law firm specializing in litigation. The attorneys met every day at noon to discuss business including possible settlements and the scheduling of afternoon hearings. The meetings were attended by partners and associates and were considered to be part of their regular work day. What we stated in Moss is equally applicable herein: [W]e are well aware that the business needs dictated the choice of the noon hour for the daily meeting. In a very real sense, these meetings contributed to the success of the partnership. *482 But other costs contributing to the success of one's employment are treated as personal expenses. Commuting is obviously essential to one's continued employment, yet those expenses are not deductible as business expenses. * * * [Citations omitted.] In the instant case, we are convinced that petitioner * * * discussed business at lunch, and that the meeting was a part of their working day, and that the time was the most convenient time at which to meet. We are also convinced that the partnership benefited from the exchange of information and ideas that occurred. But this does not make his lunch deductible any more than riding to work together each morning to discuss poartnership affairs would make his share of the commuting costs deductible. * * * [80 T.C. at 1080-1081.] Accordingly, on the facts of this case, we hold that petitioner's 174 luncheon meetings during 1978 were a nondeductible personal expense under section 262. On brief, petitioner seems to argue that the cost of meals may be deducted as an educational expense. This argument was similarly raised and rejected in Moss v. Commissioner. As we said in Moss "combining nourishment with enlightenment *483 does not make the nourishment deductible." (80 T.C. at 1081.) We must similarly reject petitioner's argument herein. Having found that the luncheon meetings constitute personal expenses under section 262, we must also find that petitioner received a constructive dividend in the amount he was reimbursed by the professional corporation for the luncheons. Secs. 301, 316.
For the foregoing reasons, and to reflect the concessions by both parties, Decisions will be entered under Rule 155.
Footnotes
1. She and petitioner were the only two persons present for 68 of these lunches.↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. Alternatively, respondent maintains that petitioner did not meet the substantiation requirements under section 274(d). Particularly, respondent points to the fact that 11 of the lunches have not been substantiated by a log or credit card receipt. Respondent also asserts that petitioner has failed to establish the business purpose with respect to all 174 of the luncheon meetings as required under section 1.274-5(b)(3), Income Tax Regs.↩ However, our decision on the first issue makes it unnecessary to consider these contentions.
4. In reaching this conclusion we have considered Wolf v. United States, an unreported case ( W.D. Mo. 1964, 13 AFTR 2d 553↩, 64-1 USTC par. 9211), which we find distinguishable.