DAVID L. HAMMOND AND LILLIAN C. HAMMOND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hammond v. Commissioner
Docket No. 568-84.
United States Tax Court
T.C. Memo 1985-252; 1985 Tax Ct. Memo LEXIS 381; 49 T.C.M. (CCH) 1562; T.C.M. (RIA) 85252; May 28, 1985. B. Roland Freasier, Jr. and Gary S. Cook, for the petitioners. John A. Guarnieri, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent determined a deficiency of $128 in petitioners' Federal income tax for the year 1981. The issue for decision is whether petitioner-husband can exclude from income under section 191, [1] or include in income and deduct under section 162, [2] the cash meal reimbursements he received from his employer. *382 This case was submitted fully stipulated. The stipulation of facts and joint exhibits are incorporated herein by this reference. The pertinent facts are set forth below. Petitioners filed a timely joint Federal income tax return for 1981 with the Internal Revenue Service Center in Memphis, Tennessee. At the time the petition was filed in this case, petitioners were husband and wife and resided in Roanoke, Virginia. They were divorced after filing their petition. David L. Hammond (petitioner) was employed during the calendar year 1981 as a state police trooper with the Virginia Department of State Police. During that year he requested and received $342 from his employer as reimbursement of the cost for meals he consumed while on duty. As a state trooper, petitioner was required to be available at all times during his shift to answer emergency calls. For that reason he could not return home to eat his meals unless his home was located inside his area of patrol. Pursuant to the meal reimbursement program of his employer, petitioner submitted monthly expense vouchers for actual expenses he incurred for midshift meals while on duty. He was then reimbursed for these expenses *383 by his employer. This reimbursement was subject to certain limitations. Petitioner was not reimbursed for meals he prepared at home. In addition, he was required to eat only at establishments within his area of patrol that did not serve alcoholic beverages or provide any lewd form of entertainment that would detract from the proper image of a state police officer. However, petitioner was not required to participate in his employer's meal reimbursement program and was allowed to bring his meals from home and eat them in his patrol car if he wished. None of the reimbursements provided to petitioner were for meal expenses incurred while away from home overnight, and none of the meals were provided to petitioner on the premises of his employer or at meal stations owned and operated by the state of Virginia. Petitioner contends that the cash meal reimbursements he received are excludable from income under section 119. He argues that the facts of this case are distinguishable from those in Commissioner v. Kowalski,434 U.S. 77 (1977). Petitioner asserts that Kowalski involved an advance meal allowance program whereby the state troopers therein received a cash *384 advance for meals regardless of the amount they actually spent. He argues that, by contrast, the payments he received are reimbursements for amounts actually expended, and not additional compensation. If the reimbursement is held to be includable in income, petitioner contends alternatively that the meal expenses are deductible as ordinary and necessary expenses incurred by him in his trade or business as a state trooper. To the contrary, respondent contends that the meal reimbursements are not excludable from petitioner's gross income under section 119 because the meals were not furnished in kind on the business premises of his employer. Respondent argues that Commissioner v. Kowalski,supra, supports his contention that section 119 does not act to exclude either cash meal allowances or reimbursements from gross income. We agree with respondent. Section 119 permits a taxpayer to exclude from his gross income the value of meals furnished by his employer, if they are furnished on the employer's premises and for the convenience of the employer.Here petitioner's employer did not furnish him any meals but merely reimbursed him for his meal expense. Despite *385 petitioner's attempt to distinguish Commissioner v. Kowalski,supra, the Supreme Court held in that case that section 119 allowed exclusions for meals furnished by an employer but not for cash reimbursements for meals. In Kowalski, the Supreme Court discussed the legislative history of section 119 and why that section applies only to meals or lodging furnished in kind. See S. Rept. No. 1622, 83d Cong., 2d Sess., 190 (1954); U.S. Code Cong. & Admin. New 1954, p. 4825; section 1.119-1(e), Income Tax Regs. We need not elaborate further on this issue. Suffice it to say that we view the Kowalski, decision as controlling. [3]
We reject petitioner's alternative argument that the cash meal reimbursements are deductible as business expenses under section 162. Such expenses are only deductible when the employee is away from home overnight. United States v. Correll,389 U.S. 299 (1967). Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year at issue. ↩
2. In his reply brief respondent contends that this issue was not raised in petitioner's pleadings and therefore constitutes new matter. We need not address this issue because it has no effect upon our ultimate resolution of this case.↩
3. We note that section 199(b)(3), added to the Internal Revenue Code by Pub. L. 95-427, 92 Stat. 996, and relating to certain fixed charges for meals, does not mandate a different result.↩