ROBERT M. WALSH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walsh v. Commissioner
Docket No. 13403-85.
United States Tax Court
T.C. Memo 1987-18; 1987 Tax Ct. Memo LEXIS 18; 52 T.C.M. (CCH) 1344; T.C.M. (RIA) 87018; January 8, 1987. Donald O. Heck, for the petitioner. Anne W. Durning, for the respondent. DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was assigned pursuant to section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat.    ) of the Code and Rules 180, 181 and 182. [1] For convenience and clarity, the *21 findings of fact and conclusions of law have been combined in this opinion. Respondent determined a deficiency in petitioner's Federal income tax for the year 1981 in the amount of $1,858. The issues for decision are (1) whether petitioner may deduct the cost of meals consumed on the premises of his employer and (2) whether the petitioner may deduct rental expenses (other than mortgage interest and real estate taxes) to the extent that they exceed rental income. The facts of this case have been fully stipulated and the case was submitted pursuant to Rule 122. At the time the petition herein was filed, petitioner lived in Scottsdale, Arizona. During 1981 petitioner was employed as a pharmacist at Fry's Food Stores. His employer required petitioner to remain on the premises at all times during his shift so that if someone had to have an emergency prescription filled, a pharmacist would be available. Petitioner, therefore, bought his meals at the *22 store and ate them at the countertop. Section 262 generally provides that personal living expenses are nondeductible for Federal income tax purposes unless expressly permitted by another Code section. Because the cost of food is normally a personal expense, we must determine if the cost of petitioner's meals are deductible under another provision of the Code. Petitioner relies on section 162(a) and, in the alternative, section 119. In order for personal living expenses to qualify as a deductible business expense under 162(a), the taxpayer must demonstrate that the expenses were different from, or in excess of, what he would have spent for personal purposes, Sutter v. Commissioner,21 T.C. 170, 173 (1953), or that what would otherwise have been a personal expense, was so circumscribed by the company regulations, directives and conditions, that it lost its character as a personal expense and took on the color of a business expense. Sibla v. Commissioner,611 F.2d 1260 (9th Cir. 1980), *23 affg. 68 T.C. 422 (1977) and 67 T.C. 870 (1977). Here, petitioner has failed to show that either of these two alternatives are available to him. Petitioner was not compelled to purchase his lunch at the counter. He had the choice of preparing his lunch at home and bringing it to work. However, he elected to purchase his lunch at the pharmacy luncheonette. The taxpayer must be required, as a condition of employment, to eat food that the employer furnishes rather than be required to be present on the employer's premises when he eats. We are not dissuaded from this position by Sibla in which the taxpayer was required to eat meals on the premises in an effort to enforce racial integration in the fire department. There firemen were required to participate in a joint mess although they made the choices as to what was on the menu. The firemen were compelled to contribute to the joint mess even if they did not eat there. Sibla can be distinguished from this case because the amount of control that the fire department in Sibla exercised over the firemen was far greater than the control exercised by petitioner's employer over him. In addition, *24 petitioner would have incurred these meal expenses whether or not he was employed as a pharmacist. Section 162(a), therefore, does not permit petitioner to deduct the costs of his meals. Petitioner's alternative argument under section 119 also fails to bear up under scrutiny. Section 119 provides that: There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him, his spouse, or any of his dependents by or on behalf of his employer for the convenience of the employer, but only if -- (1) in the case of meals, the meals are furnished on the business premises of the employer * * *. The regulations further state that "meals for which a charge is made by the employer will not be regarded as furnished for the convenience of the employer if the employee has a choice of accepting the meals and paying for them or not paying for them and providing his meals in another manner." Section 1.119-1(a)(3)(i), Income Tax Regs. Petitioner contends that his meals were furnished for the convenience of his employer because the employer *25 did not provide adequate kitchen facilities. We may not concern ourselves with the practicalities of the situation. We may only concern ourselves with the fact that petitioner had such dominion and control over his funds that he could elect to eat his own food, the pharmacy's food, or no food at all. See Morton v. Commissioner,T.C. Memo. 1986-132. Because petitioner did have this choice, the meals were not furnished for the convenience of the employer. Because we find that neither section 162(a) nor section 119 apply, section 262 prevents the petitioner from deducting his meal expenses. The remaining issue for decision is whether petitioner may deduct rental expenses (other than mortgage interest and real estate taxes) in excess of rental income. On his 1981 return, petitioner deducted rental losses in the amounts of $2,333 and $4,215, incurred with respect to houses that he owned at 14007 North 37th Street (the 37th Street property) and 1005 West Helena Drive (the Helena Drive property), respectively. From January 1, 1981, through May 14, 1981, petitioner occupied the house on 37th Street as his principal residence. From May 15, 1981 through December 31, 1981, petitioner *26 occupied the house on Helena Drive as his personal residence. During all of 1981, petitioner rented a portion of his personal residences, which he occupied, to unrelated third-parties in arms-length transactions. He allocated two-thirds of the expenses incurred in 1981 in maintaining his personal residences to his rental activity. Respondent has disallowed all rental expenses claimed by petitioner on his 1981 return in excess of rental income, except for mortgage interest and real estate taxes. As applicable to the facts in this case, section 280A(a) generally provides that a taxpayer is not entitled to deduct expenses incurred for the business use of a personal residence. Section 280A(c)(3) generally provides that the rule against the deductibility of expenses incurred for the business use of a personal residence does not apply to expenses attributable to the rental of a dwelling unit or portion thereof (determined after the application of section 280A(e)). Section 280A(e) requires that there be an allocation of expenses between personal use and rental use of the dwelling unit. Section *27 280A(c)(5) further limits the deduction of expenses incurred in the rental use of a residence to an amount not to exceed the excess of "(a) the gross income derived from such use for the taxable year, over (b) the deductions allocable to such use which are allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was so used." We have previously held, in a case similar to this, that expenses attributable to the rented portion of a taxpayer's residence are limited to the rental income less the deductions (such as interest and taxes) that would be allowed without regard to the business use of the premises. Semander v. Commissioner,T.C. Memo. 1982-25. On brief, petitioner seeks to persuade us that he is not subject to the limitations of section 280A(c)(5) because of the provisions of section 280A(d)(4). Petitioner completely misreads that section. Section 280A(d)(1) describes, for the purposes of section 280A, the formula to be used to determine whether a taxpayer "uses a dwelling unit during the taxable year as a residence." A taxpayer *28 uses a dwelling unit as a residence if he uses such unit (or portion thereof) for personal purposes for a number of days which exceeds the greater of (a) 14 days, or (b) 10 percent of the number of days during such year for which such unit is rented at a fair rental. Section 280A(d)(4) provides a limited exception to the provisions of section 280A(d)(1), in determining whether the taxpayer "used a dwelling unit during the taxable year as a residence." Section 280A(d)(4) was enacted into law as section 280A(d)(3) by the Revenue Act of 1978 (Pub. L. 95-600, sec. 701(h)(1), 92 Stat. 2904). Section 280A(d)(3) was redesignated as section 280A(d)(4) by section 113(a)(1), Pub. L. 97-119, 95 Stat. 1641. The intention of Congress in enacting section 280A(d)(4) is clearly enunciated in H. Rept. No. 95-1800 (1978), 1978-3 C.B. (Vol. 1) 617, where it is stated: An exception to the vacation home disallowance rules would be provided so that personal use of a residence would not be taken into account for a taxable year in which the residence is converted to rental property. At no time during 1981 did petitioner "convert" his personal residence into rental property. For all *29 of 1981, petitioner's personal residences were used, simultaneously, as private dwellings and as rental properties. Section 280A(d)(4), therefore, has no application to the facts in this case. [2] Respondent's determination on this issue is sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue, unless otherwise indicated. All Rule references are to the Tax Court rules of Practice and Procedure.↩
2. Because we have determined this issue in favor of respondent, the provisions of section 1034 are not applicable in this case.↩