841 F.2d 809
 61 A.F.T.R.2d 88-769, 56 USLW 2519, 88-1
USTC P 9205
 Karl W. CHRISTEY and Kathleen Christey on behalf of all
others similarly situated, Appellees,
v.
UNITED STATES of America, Appellant.
Steven L. PILLSBURY and Holly L. Pillsbury on behalf of all
others similarly situated, Appellees,
v.
UNITED STATES of America, Appellant.
 No. 86-5433.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 1, 1987.
Decided March 2, 1988.
Rehearing and Rehearing En Banc Denied July 21, 1988.
 
 Mary Frances Clark, Washington, D.C., for appellant.
 Gary J. Haugen, Minneapolis, Minn., for appellees.
 Before McMILLIAN, JOHN R. GIBSON and FAGG, Circuit Judges.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 The sole issue before us is whether taxpayers, members of the Minnesota Highway Patrol, are entitled to deduct as ordinary and necessary business expenses under Sec. 162(a)[1] of the Internal Revenue Code expenses incurred for restaurant meals while on duty. The Internal Revenue Service disallowed the deduction, but the district court[2] concluded that such expenses were deductible under Sec. 162(a) and therefore the taxpayers were entitled to refunds for the 1981 and 1982 tax years. On appeal the government argues that the taxpayers' meal expenses are not business expenses, but personal expenses not deductible under Sec. 262 of the Internal Revenue Code. We affirm the judgment of the district court.
 
 
 2
 Steven L. Pillsbury and Karl W. Christey[3] are employed as state troopers by the Minnesota State Highway Patrol. The Patrol is charged by law with enforcing traffic laws, investigating traffic accidents, directing and controlling traffic, providing information and assistance to the public, and cooperating with other law enforcement agencies in apprehending violators of criminal laws. See Minn.Stat. Sec. 299D.03, subd. 1 (1986). The normal working day for troopers is between 8 1/2 and 9 hours, although a shift may stretch into 12 hours. Troopers are also subject to call 24 hours a day.
 
 
 3
 As a requirement of their job, troopers must comply with the rules and regulations contained in the General Orders of the Patrol. These orders address in detail the conduct required of troopers while on duty. General Order R 77-20-008 ("the General Order") provides troopers with specific instructions concerning meal breaks while on duty. The General Order requires that troopers "eat their meals in a public restaurant adjacent to the highway whenever practical" and "report by radio when they eat and * * * advise the telephone number or the code number of the restaurant where they are eating." The restaurant must be open to the public and may not serve liquor. The Order prohibits troopers from eating meals at home during working hours and has been interpreted to prohibit troopers from bringing meals from home and eating in their patrol cars. The Order also details the time at which troopers may eat, the time allowed for a meal, and the number of troopers who may eat together. Failure to adhere to these instructions renders troopers subject to reprimand.
 
 
 4
 As set forth in the General Order, the principal purpose of these requirements "is to promote public safety and obedience to the law through the physical presence of troopers in uniform and to facilitate, through availability to the public, the reporting of accidents and the dissemination of information with reference to the traffic and motor vehicle laws of the state." The Order also ensures that meal breaks taken by the troopers are designated and staggered in order to maintain maximum coverage of patrol areas with minimal call response time.
 
 
 5
 There was testimony that during meals troopers are subject to calls for emergencies and other Patrol business to which they must respond immediately. Troopers are also subject to interruptions from the general public who are seeking information about road conditions, weather, traffic laws, and other subjects relating to trooper responsibilities. Thus, troopers are frequently interrupted during their meals and are often unable to finish meals for which they have paid.[4]
 
 
 6
 The Christeys claimed a deduction of $926.66 for the meals Officer Christey purchased while on patrol in 1981 and a deduction of $880.28 for those purchased in 1982. The Pillsburys claimed a deduction of $944 for the meals Officer Pillsbury purchased while on patrol in 1981 and a deduction of $968 for those purchased in 1982. Both taxpayers claim the deductions as ordinary and necessary business expenses under I.R.C. Sec. 162(a). After the I.R.S. disallowed the deductions, both taxpayers paid the taxes due and filed timely claims for refund, which the I.R.S. denied. These suits for refund in federal district court followed. The district court determined that Pillsbury's and Christey's expenses for meals while on duty were deductible as "ordinary and necessary" business expenses under the general provision of Sec. 162(a) of the Internal Revenue Code. The court found that Pillsbury and Christey were "subject to * * * duty-related restrictions and requirements concerning their meals while on duty," and that their meals were taken "for the convenience and benefit of the patrol." Accordingly, the court held the taxpayers were entitled to deduct the cost of meals purchased while on duty under Sec. 162(a).
 
 
 7
 The district court's conclusion that the taxpayers' meal expenses qualify as ordinary and necessary business expenses is a question of fact and will not be set aside unless clearly erroneous. Commissioner v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 1200, 4 L.Ed.2d 1218 (1960); Commissioner v. Heininger, 320 U.S. 467, 475, 64 S.Ct. 249, 254, 88 L.Ed. 171 (1943); Long v. Commissioner, 277 F.2d 239, 240-41 (8th Cir.1960). A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. Anderson v. Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (defining clearly erroneous standard as set forth in Fed.R.Civ.P. 52(a)). If the district court's account of the evidence is plausible in light of the record viewed in its entirety, this court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id. at 574, 105 S.Ct. at 1511.
 
 
 8
 Section 262 disallows the deduction of "personal, living, or family expenses * * * except as otherwise expressly provided in this chapter."
 
 
 9
 Section 162(a) expressly provides a deduction for all the "ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business, including * * * (2) traveling expenses (including amounts expended for meals * * * while away from home)."
 
 
 10
 The government does not challenge the factual findings of the district court but argues that the court erred in concluding that the taxpayers are entitled to deduct meal costs incurred while on patrol duty under the general permission of Sec. 162(a). They contend that the cost of meals is a personal expenditure and that the district court should have applied Sec. 262 to disallow the deduction.[5]
 
 
 11
 In support of their contention that meal expenses are nondeductible personal expenses, the government particularly relies on two United States Supreme Court cases. United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967) and Commissioner v. Kowalski, 434 U.S. 77, 98 S.Ct. 315, 54 L.Ed.2d 252 (1977).[6] Neither of these cases, however, addresses the issue of whether meal expenses may be deducted as "ordinary and necessary" business expenses under the general provision of Sec. 162(a). Correll, supra, concerned the deductibility of meal expenses as "traveling expenses" under Sec. 162(a)(2), while Kowalski, supra, concerned the exclusion from gross income under Sec. 119 of a cash meal allowance. Indeed, the Court in Kowalski acknowledged that the deductibility of trooper meal expenses under the general provision of Sec. 162(a) was not under consideration. 434 U.S. at 81 n. 9, 98 S.Ct. at 318 n. 9.
 
 
 12
 It is beyond question that the cost of one's meals is ordinarily a personal expense which is nondeductible under Sec. 262. Treas.Reg. Sec. 1.262-1(b)(5) (1987). However, under certain limited circumstances, such expenses may be deducted under the general provision of Sec. 162(a);[7] "that which may be a personal expense under some circumstances can when circumscribed by company regulations take on the color of a business expense," Sibla v. Commissioner, 611 F.2d 1260, 1262 (9th Cir.1980). Accord Cooper v. Commissioner, 67 T.C. 870 (1977), aff'd sub nom Sibla v. Commissioner, 611 F.2d 1260 (9th Cir.1980); Walsh v. Commissioner, 52 TCM (CCH) 1344 (1987); Belt v. Commissioner, 47 T.C.M. (CCH) 1433 (1984). In Sibla, supra, the taxpayers, Los Angeles firemen, were permitted to deduct under Sec. 162(a) the cost of their participation in a mandatory mess plan, organized pursuant to a desegregation plan.[8] The firemen were required to pay a per diem amount for participation in the mess even if they brought their own meals or for some other reason did not eat the meals prepared in the mess. The Ninth Circuit held that the taxpayers' share of expenses of the mandatory organized mess was deductible as an ordinary and necessary business expense under Sec. 162(a).[9] We therefore reject the government's argument that the district court erred in failing to apply Sec. 262.
 
 
 13
 Additionally, the government contends that even if Sec. 162(a) applies, the restrictions on the manner in which the taxpayers could take their meals while on duty were not so significant that they transformed an essentially personal expense into a business expense. They reason that the restrictions are no different from those placed upon other taxpayers who have to work during meals and are subject to interruptions. Further, the happenstance that the Patrol may derive incidental benefit from troopers' public visibility and their accessibility during meals does not operate to exclude taxpayers' meal expenses from personal or living expenses.
 
 
 14
 The district court, however, reasoned that the number of duty-related restrictions and requirements concerning their meals "effectively extended the performance of the troopers' duties from patrol cars on highways to tables in restaurants." Under these circumstances, the court concluded that the troopers' meal expenses were "ordinary and necessary" expenses. We do not believe this conclusion is clearly erroneous. This is not a case in which the taxpayers are attempting to deduct the cost of their meals merely because they are working overtime, Coombs v. Commissioner, 608 F.2d 1269 (9th Cir.1979), or working through their meal break, see Antos v. Commissioner, 35 T.C.M. (CCH) 387 (1976), aff'd 570 F.2d 350 (9th Cir.1978) (unpublished opinion), or where business activities make meals at home inconvenient. Fife v. Commisioner, 73 T.C. 621 (1980). Nor is this a case in which the sole restriction on the taxpayer is where he may eat his meal. See, e.g., Walsh v. Commissioner, 52 TCM (CCH) 1344 (1987); Moscini v. Commissioner, 36 T.C.M. (CCH) 1002 (1977); Kammerer v. Commissioner, 35 T.C.M. (CCH) 30 (1976). The restrictions here and their cumulative effect are substantial.[10] 0] The troopers must eat at certain times and places. The troopers remain on duty throughout their meals. They may not bring a meal from home or return home to eat their meal. As part of their job the troopers are required during their meal break to be available to the public not only to respond to emergencies but to provide any information the public may seek. Thus, they are frequently interrupted during meals and are subject to being called away from a meal for an emergency, whether they have eaten what they have paid for or not.[11]
 
 
 15
 In light of the circumstances of this case, we believe the district court's conclusion that the meal expenses which the taxpayers incurred while on duty in 1981 and 1982 were deductible as ordinary and necessary expenses under Sec. 162(a) is not clearly erroneous. Accordingly, the district court's judgment is affirmed.
 
 
 16
 McMILLIAN, Circuit Judge, dissenting.
 
 
 17
 I respectfully dissent. I would reverse the judgment of the district court permitting taxpayers to deduct their expenses for meals. Taxpayers' expenses for their own meals are personal in character and would be incurred by them whether or not the taxpayers were engaged in business activities. Section 262 of the Internal Revenue Code makes "personal, living, or family expenses" non-deductible, and a taxpayer generally may not deduct expenses incurred for his or her own meals unless the expenses are incurred for business travel away from home within the specific provisions for deductibility set forth in Code Sec. 162(a)(2). This court in United States v. Morelan, 356 F.2d 199 (8th Cir.1966), holding that the mid-shift meal expenses of Minnesota state troopers were deductible as business expenses for travel away from home, was overruled by the Supreme Court in United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1967). Viewing the holding of United States v. Correll, that such meal expenses could not be deducted under Sec. 162(a)(2), to be inapplicable here and reasoning that the various conditions imposed by the patrol meant that taxpayers took their meals for their employers' convenience, the district court held that the general provisions of Sec. 162(a) authorize deductions of taxpayers' meal expenses. This holding is incorrect.
 
 
 18
 Deductions are matters of legislative grace, existing by virtue of specific legislation, and a taxpayer claiming the benefits of a deduction must point to the applicable statutory authority and show that he or she comes within its terms. New Colonial Ice Company, Inc. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed.2d 1348 (1934). The provision invoked by taxpayers in the district court is Sec. 162(a) of the Internal Revenue Code of 1954 (26 U.S.C. Sec. 162(a)) that permits a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.[1] Section 162(a)(2) specifically includes within the meaning of ordinary and necessary business expenses the cost of traveling, including the entire amount expended for meals, while away from home in pursuit of a trade or business, but this section only applies where the taxpayer is away from home on a trip requiring him to stop for sleep or rest, and was not relied on by taxpayers at trial. United States v. Correll, 389 U.S. at 300, 88 S.Ct. at 446.
 
 
 19
 Section 262 of the Internal Revenue Code, however, prohibits any deduction for "personal, living, or family expenses," unless expressly allowed by another provision of the Code.[2] A taxpayer's expenses for his or her own meals are personal in character because they would have been incurred whether or not the taxpayer had engaged in business activity. As a result, the courts have consistently held that the cost of restaurant meals or groceries purchased for consumption at work are not deductible. See, e.g., Moss v. Commissioner, 758 F.2d 211 (7th Cir.1985), cert. denied, 474 U.S. 979, 106 S.Ct. 382, 88 L.Ed.2d 335 (1985); Alvarado v. Commissioner, 49 T.C.M. (CCH) 967 (1985), aff'd, 781 F.2d 901 (5th Cir.1986) (unpublished opinion); see also, United States v. Correll, 389 U.S. at 302 n. 7, 88 S.Ct. at 447 n. 7. Yet in this regard the district court's holding in this case nevertheless, purports to find an exception to this well-established rule of non-deductibility for Minnesota state troopers.
 
 
 20
 The tax treatment of cash allowances and expenses for meals taken by troopers while on duty has received substantial attention by Congress and the courts. Section 119 of the Internal Revenue Code enacted in 1954, excluded from an employee's gross income the value of employer-furnished meals if the meals were provided for the employer's convenience, on its business premises, and for substantially non-compensatory reasons. 26 U.S.C. Sec. 119 (1987). Congress, at the same time provided in Sec. 120 of the Code, for an exclusion of up to $5.00 per day of statutory subsistence allowances paid to police officers. In 1958 this section was repealed because it was "inequitable since there are many other individual taxpayers whose duties also required them to incur subsistence expenditures regardless of the tax effect." H.R.Rep. No. 775, 85th Cong., 1st Sess. at 7 (1958-3 C.B. 811, 817).
 
 
 21
 In United States v. Morelan, 356 F.2d at 202, involving substantially the same facts as presented here, this court held that the subsistence allowance received by Minnesota state highway patrolmen for meals was excludable from their income under Sec. 119 of the Internal Revenue Code, and that even if such allowances were includable in gross income, the meal expenses would be deductible under Sec. 162(a) as business travel expenses.[3] In United States v. Correll, 389 U.S. at 301 n. 5, 88 S.Ct. at 446 n. 5, however, the Supreme Court ruled that traveling expenses incurred in the pursuit of business while away from home are deductible under Sec. 162(a)(2) if, but only if, the travel requires the taxpayer to stop for rest or sleep, thereby overruling this court's holding to the contrary in United States v. Morelan, 356 F.2d at 208-10. Several years later, in Commissioner v. Kowalski, 434 U.S. 77, 98 S.Ct. 315, 54 L.Ed.2d 252 (1977), the Supreme Court also overruled United States v. Morelan's other holding concerning the excludability from income of the cash meal allowances paid to Minnesota state troopers. Commissioner v. Kowalski, 434 U.S. at 82 n. 11, 98 S.Ct. at 318 n. 11.[4] Thus, the Supreme Court determined that, contrary to United States v. Morelan, state troopers' expenses for meals on duty were not deductible as business expenses under Sec. 162(a)(2), and the cash allowance paid to state troopers for meals was not excludable from their income under Sec. 119. Commissioner v. Kowalski, 434 U.S. at 77, 98 S.Ct. at 316.
 
 
 22
 Despite the clear import of United States v. Correll and Commissioner v. Kowalski in overruling the United States v. Morelan holding regarding the tax treatment of meal allowances and meal expenses of Minnesota state troopers, and the clear prohibition of Sec. 262, the district court determined that the deduction of the meal expenses of these taxpayers was authorized under the general provisions of Sec. 162(a). The district court apparently believed that United States v. Correll had no bearing on this case because taxpayers based their claims under the general provisions of Sec. 162(a) rather than Sec. 162(a)(2).[5] But if the general provisions of Sec. 162(a) were available to render job-related-meal expenses deductible, it is difficult to see why the Supreme Court in United States v. Correll needed to concern itself with whether they were traveling expenses under Sec. 162(a)(2). Rather, in United States v. Correll the Supreme Court recognized that in general, a taxpayer's meal expenses are personal and non-deductible under Sec. 262, and that the court needed to concern itself only with the special benefits of Sec. 162(a)(2), which (partly for the reasons of administrative convenience) gives the business traveler "something of a windfall, for at least part of what he spends on meals represents a personal living expense that other taxpayers must bear without receiving any deduction at all." United States v. Correll, 389 U.S. at 301-02, 88 S.Ct. at 446-47. It is quite apparent that the district court entirely failed to take into account Sec. 262 and, in this, clearly erred as a matter of law. Furthermore, it is well-established that a taxpayer's expenses for daily meals consumed at work are personal, non-deductible expenses. The various conditions imposed on these taxpayers do not create an exception to the principle of non-deductibility by transforming the essential personal character of their meal expenses into business expenses allowable under the general provisions of Sec. 162(a).
 
 
 23
 If taxpayers' daily meals are to be considered business expenses, then they must meet the proper test. The proper test developed by the courts over the years is whether an expense is personal in character and would be incurred by the taxpayer whether or not he or she is engaged in the business activity. Stated another way, a personal expense is not rendered deductible by virtue of the fact that the taxpayer incurs the expense while at work. The cost of a taxpayer's own meal, whether or not consumed while on duty, is clearly a personal expense. See, United States v. Correll, 389 U.S. at 301-02, 88 S.Ct. at 446-47; Fife v. Commissioner, 73 T.C. 621, 625 (1980); Sutter v. Commissioner, 21 T.C. 170, 173 (1953); Sec. 1.262-1(b)(5), Treasury Regulations on Income Tax (1954 Code) (26 C.F.R. Sec. 1.262-1(b) (1987)).
 
 
 24
 The courts have consistently held that the cost of restaurant meals or groceries purchased for consumption while at work is not deductible. See, e.g., Alvarado v. Commissioner, 49 T.C.M. (CCH) 967 (1985), aff'd, 781 F.2d 901 (5th Cir.1986) (unpublished opinion) (deduction denied for cost of meals consumed by firemen while on duty at fire house); Hammond v. Commissioner, 49 T.C.M. (CCH) 1562 (1985), aff'd, (4th Cir.1986) (unpublished opinion) (deduction denied for cost of meals purchased by Virginia state troopers).
 
 
 25
 So too, it is also well settled that the fact an expense would not have been incurred "but for" the taxpayer's engaging in a trade or business is not sufficient to permit a deduction if the expense is personal or otherwise of a non-deductible nature. Kroll v. Commissioner, 49 T.C. 557, 567 (1968). The cost of commuting to and from work is a classic example of an expense which, although not incurred but for the fact that a taxpayer is working, is nevertheless personal and non-deductible. Fausner v. Commissioner, 413 U.S. 838, 93 S.Ct. 2820, 37 L.Ed.2d 996 (1973); Commissioner v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946). Thus, it would seem that the courts have made clear that some types of expenses are so inherently personal they do not qualify as ordinary and necessary business expenses, regardless of the role they play in the taxpayer's trade or business. Neither is the fact that the expenses in question herein were required to be incurred as a condition of employment alone sufficient to render such personal expenses deductible.[6]
 
 
 26
 It is apparent that the expenses which the district court found to be ordinary and necessary expenses of taxpayers' business as employees were instead ordinary and necessary expenses of their daily sustenance. The cost of these meals, daily, represents a substantial portion of the cost of the taxpayers' daily subsistence. The holding of the district court, and now joined in by the majority, thus permits these taxpayers to deduct substantial amounts of their ordinary living costs. Such a result clearly is not permitted by the express provisions of Sec. 262 of the Internal Revenue Code.
 
 
 27
 The district court here did not, in its discussion of the deductibility of taxpayers' meal expenses, take Sec. 262 into account. The court was legally obligated to apply Sec. 262, however, and in disregarding this provision of the Internal Revenue Code, plainly erred. In addition, the court never made the proper analysis to determine whether an expense is personal or business. It failed, as the majority does now, to recognize that meal expenses are personal and would be incurred whether or not a taxpayer engaged in business activity. Hence, its decision is incorrect.
 
 
 28
 The district court, now joined by the majority, was persuaded that taxpayers "were subject to duty-related restrictions and requirements concerning their meals while on duty" and that these "restrictions effectively extended the performance of their duties from patrol cars on highways to tables in restaurants." The "restrictions" found by the court to require deductibility were that troopers were required to eat their meals "exclusively" in roadside public restaurants and were subject to interruptions "from members of the public and emergency calls." From this the court concluded that taxpayers took their mid-shift meals for the convenience and the benefit of the highway patrol rather than for the taxpayers' own convenience and comfort.
 
 
 29
 The district court's conclusion that taxpayers took their meals on duty for the employer's convenience and benefit is plainly wrong. The court did not find, nor is there any evidence to indicate that the taxpayers were required to purchase meals as a condition of their employment as troopers.[7] Moreover, the court failed to consider that taxpayers decided what restaurants to patronize, what food to order, how much to spend, and, indeed, whether to eat at all. It is clear, however, that their " 'decision to eat or not to eat and the amount expended thereon was wholly a matter of personal choice,' " and the expenses incurred in making those choices are non-deductible under Sec. 262 of the Internal Revenue Code. Alvarado v. Commissioner, 49 T.C.M. (CCH) 967 (1985), citing Banks v. Commissioner, 42 T.C.M. (CCH) 1016, 1019 (1981).
 
 
 30
 Can it be that the restrictions placed by the patrol upon state troopers' meals are sufficient to transform taxpayers' personal expenses for their daily meals into business expenses? I think not. For instance, although troopers were required to eat at their scheduled times "unless the call of duty demands otherwise," and were allowed "no less than one half an hour or more than one hour during each normal workshift," schedules and time limits for lunch are common to many, if not for most employees whose employer attempts to make fair and efficient use of their personnel. Troopers were required to eat their meals on duty "in a public restaurant adjacent to the highway," but many taxpayers must eat their meals during working hours in restaurants, and such a necessity does not change the essentially personal nature of their meal expenses. See, e.g., Moss v. Commissioner, 758 F.2d 211 (7th Cir.1985), cert. denied, 474 U.S. 979, 106 S.Ct. 382, 88 L.Ed.2d 335 (1985); Moscini v. Commissioner, 36 T.C.M. (CCH) 1002 (1977). Finally, troopers were required to inform the patrol where they would be eating and were subject to interruptions by members of the public and emergency calls. Yet many other taxpayers keep "beepers" or are on duty during the meals they take during working hours.
 
 
 31
 In this regard, taxpayers here are no different from other taxpayers who have to work during lunch. The courts have repeatedly held that business-related restrictions or conditions imposed on the manner in which a taxpayer takes his meals while at work do not change the expenses for those meals into deductible business expenses. See, e.g., Walsh v. Commissioner, 52 T.C.M. (CCH) 1344 (1987) (a pharmacist); Moffit v. Commissioner, 31 T.C.M. (CCH) 910 (1972); Liang v. Commissioner, 34 T.C.M. (CCH) 1298 (1975); Kammerer v. Commissioner, 35 T.C.M. (CCH) 30 (1976) (medical students). As the tax court stated in Moss v. Commissioner, 80 T.C. 1073, 1080 (1983), aff'd, 758 F.2d 211 (7th Cir.1985), cert. denied, 474 U.S. 979, 106 S.Ct. 382, 88 L.Ed.2d 335 (1985), concerning business-related conditions affecting taxpayers' lunches, the taxpayer--
 
 
 32
 Ha[d] not explained ... how this 'restriction' is any different than that imposed on an attorney who must spend his lunch hour boning up on the rules of civil procedure in preparation for trial or reading an evidence book to clarify a point that may arise during an afternoon session. In all of these cases, the lawyer spends an extra hour at work. The mere fact that this time is given over the noon hour does not convert the cost of daily meal into a business expense to be shared by the government.
 
 
 33
 Furthermore, the happenstance that the patrol may have derived incidental benefits, from the troopers' public visibility and their accessibility during meals taken while on duty, does not operate to exclude taxpayers' meal expenses from personal or living expenses under Sec. 262. Congress has determined that all taxpayers shall bear their living cost without receiving a deduction unless one has been specifically authorized. Cf. Fausner v. Commissioner, 413 U.S. at 839, 93 S.Ct. at 2821. The convenience and benefit to an employer gained from imposing conditions on where and how employees take their meal does not affect the tax status of the meal except under the provisions of Sec. 119 of the Internal Revenue Code. Hence, the district court improperly reasoned that the convenience to the patrol permitted taxpayers to deduct their daily meal expenses.[8]
 
 
 34
 Uniformly, the decisions of the courts emphasize that unless a taxpayer can demonstrate that the meal expense is different in character or in amount from what he ordinarily would undertake, the expense remains a personal non-deductible expense. Here, there is no indication that taxpayers incurred expenses that they would not have had ordinarily or expenses that were extraordinary in amount. Thus, even if a business purpose for taxpayers' meal expenses could be found, the district court, as is the majority, was incorrect in permitting taxpayers to deduct their meal expenses because taxpayers never established that the amount of expenses for their meals while on duty differed from or exceeded amounts they would have spent for their own personal purposes.
 
 
 35
 For the reasons given herein, this decision cannot and should not be permitted to stand. Therefore, in my opinion it should be reversed and judgment entered for the appellee.
 
 
 
 [1]
 Under Sec. 2 of the Tax Reform Act of 1986, Pub.L. No. 99-514, 100 Stat. 2085, the Internal Revenue Code of 1954 is redesignated the Internal Revenue Code of 1986. The period at issue in this case antedates the 1986 Act. Accordingly, references herein shall be to the Internal Revenue Code of 1954
 
 
 [2]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota
 
 
 [3]
 Holly L. Pillsbury and Kathleen M. Christey are also parties to this suit solely by virtue of having filed joint income tax returns with their spouses for the years in issue
 
 
 [4]
 In fact, after review of his radio log, Officer Pillsbury testified that he had been called out from meal breaks during 42 percent of his shifts in 1981 and during 50 percent thereof in 1982. Officer Christey testified that he has never consumed a meal while on duty without interruption
 
 
 [5]
 In the district court proceedings, the government contended that the troopers' meal expenses were not deductible under the specific provisions regarding meals of Sec. 162(a)(2) or excludable under Sec. 119, and thus could not be deducted under the general provision of Sec. 162(a). However, by referring to United States v. Correll, 389 U.S. 299, 88 S.Ct. 445, 19 L.Ed.2d 537 (1977), and Commissioner v. Kowalski, 434 U.S. 77, 98 S.Ct. 315, 54 L.Ed.2d 252 (1977), the government implicitly raised the argument that Sec. 262 precludes deductibility of meal expenses unless a deduction is specifically provided for. Similarly, the district court in its discussion of Correll recognized that the meal expenses under consideration in Correll were personal living expenses, generally non-deductible under Sec. 262 rather than deductible traveling expenses under Sec. 162(a)(2). The district court concluded that Correll did not foreclose a holding that meal expenses are deductible under the general provision of Sec. 162(a). Contrary to the argument advanced in the dissent, it is apparent that the district court rejected the applicability of Sec. 262 when it concluded the expenses were properly deductible under Sec. 162(a)
 
 
 [6]
 An earlier decision of this court, United States v. Morelan, 356 F.2d 199 (8th Cir.1966), held that the subsistence allowance received by Minnesota state highway patrolmen was excludable from gross income under Sec. 119, or in the alternative, deductible as a traveling expense under Sec. 162(a)(2). Kowalski effectively overrules the first holding of Morelan, id. at 82, 98 S.Ct. at 318, and Correll, the second, id. at 304, 88 S.Ct. at 448
 
 
 [7]
 In fact, the government in Moss v. Commissioner, 758 F.2d 211, 212 (7th Cir.), cert. denied, 474 U.S. 979, 106 S.Ct. 382, 88 L.Ed.2d 335 (1985), conceded that meals are deductible under Sec. 162(a) when they are ordinary and necessary business expenses even if they are not within the express permission of any other provision. The court nevertheless disallowed the meal deduction finding that an attorney's share of his law firm's daily luncheon expense at an area restaurant was not a "necessary" business expense. See also Hankenson v. Commissioner, 47 T.C.M. (CCH) 1567 (1984); See generally Treas.Reg. 1.262-1(b)(5) which provides: "Except as otherwise permitted under section 162, 212, or 217 the costs of the taxpayer's meals not incurred in traveling away from home are personal expenses" (emphasis added)
 
 
 [8]
 Cf. Alvarado v. Commissioner, 49 T.C.M. (CCH) 967 (1985), aff'd 781 F.2d 901 (5th Cir.1986) (unpublished opinion) (fireman's payments to common mess plan nondeductible under Sec. 162(a) where payments were not required by the employer, taxpayer did not have to pay for unfinished meals, and mess was organized by the employees themselves for their own convenience); accord Duggan v. Commissioner, 77 T.C. 911 (1981); Banks v. Commissioner, 42 T.C.M. (CCH) 1016 (1981)
 
 
 [9]
 The court also held that such expenses were excludable from gross income under Sec. 119. Since the meals in this case were not furnished on the employer's premises, Sec. 119 does not apply to this case. Kowalski, 434 U.S. at 84, 98 S.Ct. at 320
 
 
 [10]
 Cf. Duggan v. Commissioner, 77 T.C. 911 (1981); Hammond v. Commissioner, 49 T.C.M. (CCH) 1562 (1985), aff'd 785 F.2d 304 (4th Cir.1986) (unpublished opinion); Moscini v. Commissioner, 36 T.C.M. (CCH) 1002 (1977); Borsody v. Commissioner, 35 T.C.M. (CCH) 214 (1976); Matteson v. Commissioner, 33 T.C.M. (CCH) 479 (1974), aff'd without discussion of this issue, 514 F.2d 43 (8th Cir.1975); Weissfisch v. Commissioner, 33 T.C.M. (CCH) 391 (1974); Moffit v. Commissioner, 31 T.C.M. (CCH) 910 (1972)
 
 
 [11]
 Many expenses are simultaneously business and personal expenses. This is plain enough with regard to a meal; most people would eat a meal even if they did not work. Although an argument can thus be made for disallowing any deduction for meals or allowing a deduction only for the amount the expenditure exceeds "that ordinarily required for such purposes when at home," neither of these positions have been adopted by the Internal Revenue Code. See Correll, 389 U.S. at 301 n. 6, 88 S.Ct. at 446 n. 6; Moss, 758 F.2d at 212-13. For example, a taxpayer who takes a client out to lunch can deduct the expense of his own lunch, provided the expense is "different from or in excess of that which would have been made for the taxpayer's personal purposes." Moss, 758 F.2d at 213, quoting Sutter v. Commissioner, 21 T.C. 170, 173 (1953). (The Tax Reform Act of 1986 enacted some restrictions on the deductibility of these expenses. See, e.g., I.R.C. Sec. 274 (1986)). In this case, the troopers must either eat at a public restaurant in accordance with the General Order, or forego a meal altogether. For most individuals, working an 8 1/2 to 9 hour shift removes the meal from a question of personal choice. Once a trooper has decided to eat, the state dictates that the trooper eat at a public restaurant, at a certain time, with a specified number of other troopers. The requirements of the job result in frequent purchases of meals or parts of meals that occupational duties require to be abandoned. Thus, this regulation effectively requires the troopers "to spend amounts different from or in excess of amounts they would have spent for their own personal purposes." See Sutter, 21 T.C. at 173
 
 
 [1]
 In this regard, an employee, such as each taxpayer here was, is considered to be engaged in "the business of earning his pay." Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir.1959), cert. denied, 361 U.S. 885, 80 S.Ct. 156, 4 L.Ed.2d 121 (1959)
 
 
 [2]
 The deduction allowance provision contained in Sec. 262 takes precedence over the deduction allowance provision of Sec. 162(a), to the extent that there is any conflict. See Commissioner v. Idaho Power Co., 418 U.S. 1, 17, 94 S.Ct. 2757, 41 L.Ed.2d 535, (1974); Sharon v. Commissioner, 66 T.C. 515, 522-23 (1976), aff'd, 591 F.2d 1273 (9th Cir.1978), cert. denied, 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979)
 
 
 [3]
 Karl Christey, one of the taxpayers here, was also one of the taxpayers in United States v. Morelan, 356 F.2d 199 (8th Cir.1966)
 
 
 [4]
 Congress mitigated the effect of Commissioner v. Kowalski by providing in effect that the decision would be applied to police officers only prospectively and expanded that relief by removing the bars of res judicata, the statute of limitations, and other rules of laws, in order to permit police officers and state highway patrolmen to claim refunds and credits for meal allowances during taxable years 1974 through 1977. Act of October 7, 1978, Pub.L. No. 95-427, 92 Stat. 996, Sec. 3; Miscellaneous Revenue Act of 1980, Pub.L. No. 96-605, 94 Stat. 3521, 3524 Sec. 107
 
 
 [5]
 It should be noted that in his dissent in Commissioner v. Kowalski, 434 U.S. at 96-98, 98 S.Ct. at 326-27, Justice Blackmun expressed his view that, as a result of the decision, combined with the decision of the Supreme Court in United States v. Correll, state troopers were being deprived unfairly of the tax benefits permitted to them under this court's decision in United States v. Morelan. Justice Blackmun did not indicate that Sec. 162(a) would provide an alternative basis for deductibility
 
 
 [6]
 Here, however, there was no indication that taxpayers were required to purchase meals as a condition of their employment
 
 
 [7]
 Although in two cases Sibla v. Commissioner, 68 T.C. 422 (1977), and Cooper v. Commissioner, 67 T.C. 870 (1978), aff'd, sub nom. Sibla v. Commissioner, 611 F.2d 1260 (9th Cir.1980)--the tax court permitted a business deduction under Code Sec. 162(a) for a mandatory contribution to a firefighter's communal mess, whether or not he ate, as a condition of employment. Those cases involved very limited circumstances not present here. In any event, the Commissioner of Internal Revenue stated his nonacquiescence in those decisions. See, 1978-1 C.B. 2, 3
 
 
 [8]
 The court's rationale in this regard appears to use a standard borrowed from cases determining whether the value of meals and lodging could be excluded from income. This "convenience of the employer" test for excludability from income as the Supreme Court made clear in Commissioner v. Kowalski, 434 U.S. at 90-96, 98 S.Ct. at 322-26, did not survive the enactment of Sec. 119 as an independent test; thus proof that the meals were provided as a business necessity was insufficient to permit excludability from income unless the other test of Sec. 119 was also satisfied